## MILES, FORMER COLLECTOR, *v.* GRAHAM.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF MARYLAND.

No. 53. Argued March 16, 1925.—Decided June 1, 1925.

1. Under Art. III, § 1, of the Constitution it is the duty of Congress definitely to declare the amount which a federal judge shall receive from time to time out of the public funds, and the times of payment; and the amount thus specified becomes his compensation which is protected against diminution during his continuance in office. *Evans* v. *Gore*, 253 U. S. 245. P. 506.
2. So *held* where the salary of a judge of the Court of Claims was fixed and the appointment was made after enactment of the " Revenue Act of 1918," which prescribed that the official compensation of all the federal judges should be included in their gross income in computing their income taxes.
3. This provision of the Revenue Act for taxation of income can not be treated as reducing the salaries of the judges of the Court of Claims specifically fixed by later enactment. P. 509.
284 Fed. 878, affirmed.

ERROR to a judgment of the District Court against an internal revenue collector in an action by a judge of the Court of Claims to recover a sum which the defendant had exacted of him as an income tax.

*The Solicitor General,* for plaintiff in error. *Mr. Robert P. Reeder,* Special Assistant to the Attorney General, was on the brief.

In *Evans* v. *Gore* this court did not suggest any doubt of the power of Congress to impose taxes which should apply to salaries of federal judges appointed after the enactment of the taxing statutes. The imposition of the tax in that case constituted a, diminution of a salary already existing during the judge's continuance in office, and was therefore unconstitutional. But here, the judge was appointed after the enactment of the statute. It is submitted that, within the meaning of the Constitution, the diminution of the salary did not occur during his term of office.

The proceedings of the Constitutional Convention show that it did not intend that the provision for the protection of judicial salaries should apply to any diminution of the compensation of judges appointed to office after a statute making the diminution had been enacted.

While Article III, § 1, of the Constitution forbids Congress to tax a very small proportion of the persons embraced within the broad terms of § 213 of the Revenue Act of 1918, that section is not thereby rendered inoperative as to all other persons who come within its provisions. It is clear that Congress might constitutionally have imposed a tax which would have fallen upon the defendant in error after his appointment to office, and that, in enacting the law of 1918, Congress intended to authorize the tax which was collected from him. The law was a permanent taxing statute, dealing not merely with the taxes which might be collected for the year 1918 but with the taxes for years to come.

*Messrs. William L. Rawls* and *William L. Marbury* for defendant in error.

At the time of the assessment and collection of the taxes in question there was no validly existing law author-

izing their exaction. Section 213 of the Act of February 24, 1919, c. 18, 40 Stat. 1062, was before this Court in the case of *Evans* v. *Gore,* 253 U. S. 245, wherein it was held that the tax imposed in pursuance thereof upon the salary of a judge of an inferior court of the United States was contrary to the constitutional prohibition against the diminution of his salary during his continuance in office, and was therefore invalid. The intention being clear to tax all judges, the operation of the clause cannot be limited without re-writing it so as to give it a narrower scope than it was the intention of Congress it should have, a task which the courts will not assume. Where the legislative will is expressed in a single, indivisible provision, obviously incapable of modification without destroying its integrity, no separation or severance is logically or legally possible. *Hill* v. *Wallace,* 259 U. S. 44; *Child Labor Tax Case,* 259 U. S. 20; *Butts* v. *Merchants Transportation Co.,* 230 U. S. 126.

In *Evans* v. *Gore, supra,* the power of Congress to impose a tax upon the compensation received for their services by judges was denied. This denial we understand was based both upon the specific prohibition in the Constitution against diminution of the compensation of the judges, and the limitation necessarily implied upon the taxing power from the erection by the Constitution of the three separate and independent departments of the Government. In any event it follows necessarily from the narrowest interpretation that can be put upon that decision, that the taxing power as attempted to be exercised with respect to the compensation of judges by the Act of 1918, even when confined in its application to those judges appointed thereafter, is in violation of the Constitution. It must be admitted, when the comprehensive nature of the taxing power is considered, that whatever amount is exacted by virtue of the Act of 1918 from a federal judge on account of his having received compensation as such from

the. Government, cannot in any real sense be said to be exacted as a result of the exercise of the taxing power. If it were so taken in the exercise of that power, necessarily the amount exacted could be raised from time to time in the discretion of Congress, because the power once recognized acknowledges no limits. But admittedly the amount exacted from a judge at the time he assumes office cannot be increased thereafter by Congress without violating the express prohibition of the Constitution. This limitation, therefore, is so destructive of the asserted power to tax as to make it impossible with any regard to reality to describe the exaction mentioned. as an exercise of that power.

The only question which remains open is whether, by regarding the Act of 1918 as simply a reduction of the salaries of such federal judges as should thereafter come into office, in an amount equal to the tax mentioned in the Act, it can be held to be a reduction of compensation in a manner authorized by the Constitution. Not only does the Constitution prohibit the diminution of the salary of the judges during their continuance in office, but it enjoins three things: first, that there shall be " a compensation " fixed and determined for the judges; second, that the judges shall " receive " the compensation so fixed and determined for their services; third, that they shall receive this compensation " at stated times."

An examination of the Act of 1918 respecting the time of payment of the tax therein attempted to be imposed upon the compensation of judges, and the method by which the tax thereon is to be ascertained, will show indisputably that the collection of a tax upon the compensation of judges thereunder will violate all of these express constitutional injunctions as to the certainty of the amount of compensation, the time of payment and the right to receive it.

The effect of these requirements, therefore, is to make it impossible by taxation or any other indirect means to

deal with the compensation of judges. Any change therein must be made directly, and in accordance with the specified requirements of the Constitution. If the Act of February 24, 1919, be regarded as an attempt by Congress to reduce the compensation of judges it plainly does not meet the requirements of the Constitution.

Mr. Justice McReynolds delivered the opinion of the Court.

The defendant in error is a judge of the Court of Claims. He assumed the duties of that office September 1, 1919, when the statute (Act Feb. 25, 1919, c. 29, 40 Stat. 1156, 1157) declared that judges of that court should be entitled to receive " an annual salary of $7,500, payable monthly from the Treasury." He was required to pay to plaintiff in error, Collector of Internal Revenue, the income taxes for 1919 and 1920 prescribed by "An Act to provide revenue, and for other purposes," approved February 24, 1919, [the Revenue Act of 1918] c. 18, 40 Stat. 1057. In computing these his judicial salary was treated as part of his " gross income."

" Sec. 213. That for the purposes of this title (except as otherwise provided in section 233) the term ' gross income '—

" (a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service (*including in the case of the President of the United States, the judges of the Supreme and inferior courts of the United States,* and all other officers and employees, whether elected or appointed, of the United States, Alaska, Hawaii, or any political subdivision thereof, or the District of Columbia, *the compensation received as such*), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property;

also from interest, rent, dividends, securities, or the trans-
action of any business carried on for gain or profit, or
gains or profits and income derived from any source
whatever. . . . ."

After payment and the necessary preliminary steps he
instituted this proceeding to recover, upon the ground that
the exactions on account of his salary were without
authority of law. Judgment went for him in the trial
court. It was there said—

" Unless he was taxable under the [Revenue] Act of
1918 [approved Feb. 24, 1919] he was not taxable at all.
If he is taxable under that statute, he is so by virtue of a
clause which applies to all the federal judges, irrespective
of the time they came upon the bench. That clause as
written has been held invalid. . . . When the clause
which has been declared invalid is out of the Act, no
other imposes the tax. What the court here is asked to
do is to rewrite the pertinent portion of the statute in
question so that it will read as did the provisions of the
Acts of 1913 and 1916 relative to this general subject.
But that would be for the court to do what Congress ex-
pressly decided not to do. With its eyes wide open to
the possible consequences, it made up its mind to seek
uniformity by imposing the tax upon all judges. Whether
it would or would not have been willing to tax the
minority, if the majority were immune, nobody knows,
perhaps not even the members of that Congress itself, for
upon that question they never were called upon to make
up their minds."

Plaintiff in error now insists that, although the chal-
lenged provision of the Act of February 24, 1919, has been
adjudged invalid as to all judges who took office prior to
that date, it is obligatory upon those thereafter appointed.

Sec. 1, Art. III of the Constitution provides—

" The judicial power of the United States shall be
vested in one Supreme Court, and in such inferior courts

as the Congress may from time to time ordain and establish. The judges, both of the supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services a compensation, which shall not be diminished during their continuance in office."

*Evans* v. *Gore,* 253 U. S. 245, arose out of the claim that Judge Evans was liable for the tax upon his salary as prescribed by the Act now under consideration, although appointed before its enactment. We there gave much consideration to the purpose, history and meaning of the above-quoted section of the Constitution and, among other things, said—

" These considerations make it very plain, as we think, that the primary purpose of the prohibition against diminution was not to benefit the judges, but, like the clause in respect of tenure, to attract good and competent men to the bench and to promote that independence of action and judgment which is essential to the maintenance of the guaranties, limitations and pervading principles of the Constitution and to the administration of justice without respect to persons and with equal concern for the poor and the rich. Such being its purpose, it is to be construed, not as a private grant, but as a limitation imposed in the public interest; in other words, not restrictively, but in accord with its spirit and the principle on which it proceeds."

" Obviously, diminution may be effected in more ways than one. Some may be direct and others indirect, or even evasive as Mr. Hamilton suggested. But all which by their necessary operation and effect withhold or take from the judge a part of that which has been promised by law for his services must be regarded as within the prohibition. . . ."

" The prohibition is general, contains no excepting words and appears to be directed against all diminution,

.whether for one purpose or another; and the reasons for its adoption, as publicly assigned at the time and commonly accepted ever since, make with impelling force for the conclusion that the fathers of the Constitution intended to prohibit diminution by taxation as well as otherwise,—that they regarded the independence of the judges as of far greater importance than any revenue that could come from taxing their salaries. . . .

"For the common good—to render him [the judge], in the words of John Marshall, 'perfectly and completely independent, with nothing to influence or control him but God and his conscience'—his compensation is protected from diminution in any form, whether by a tax or otherwise, and is assured to him in its entirety for his support. . . ."

"Here the Constitution expressly forbids diminution of the judge's compensation, meaning, as we have shown, diminution by taxation as well as otherwise. The taxing Act directs that the compensation—the full sum, with no deduction for expenses—be included in computing the net income, on which the tax is laid. If the compensation be the only income, the tax falls on it alone; and, if there be other income, the inclusion of the compensation augments the tax accordingly. In either event the compensation suffers a diminution to the extent that it is taxed.

"We conclude that the tax was imposed contrary to the constitutional prohibition and so must be adjudged invalid."

Does the circumstance that defendant in error's appointment came after the taxing Act require a different view concerning his right to exemption? The answer depends upon the import of the word "compensation" in the constitutional provision.

The words and history of the clause indicate that the purpose was to impose upon Congress the duty definitely to declare what sum shall be received by each judge out

of the public funds and the times for payment. When this duty has been complied with the amount specified becomes the compensation which is protected against diminution during his continuance in office.

On September 1, 1919, the applicable statute declared: "The Chief Justice [of the Court of Claims] shall be entitled to receive an annual salary of $8,000, and each of the other judges an annual salary of $7,500, payable monthly." The compensation fixed by law when defendant in error assumed his official duties was $7,500 per annum, and to exact a tax in respect of this would diminish it within the plain rule of *Evans* v. *Gore.*

The taxing Act became a law prior to the statute prescribing salaries for judges of the Court of Claims, but if the dates were reversed it would be impossible to construe the former as an amendment which reduced salaries by the amount of the tax imposed. No judge is required to pay a definite percentage of his salary, but all are commanded to return, as a part of "gross income," "the compensation received as such" from the United States. From the "gross income" various deductions and credits are allowed, as for interest paid, contributions or gifts made, personal exemptions varying with family relations, etc., and upon the net result assessment is made. The plain purpose was to require all judges to return their compensation as an item of "gross income," and to tax this as other salaries. This is forbidden by the Constitution.

The power of Congress definitely to fix the compensation to be received at stated intervals by judges thereafter appointed is clear. It is equally clear, we think, that there is no power to tax a judge of a court of the United States on account of the salary prescribed for him by law.

The judgment of the court below is

*Affirmed.*

MR. JUSTICE BRANDEIS dissents.