**BLAND et al. v. COMMISSIONER OF INTERNAL REVENUE.**
**No. 6793.**

Circuit Court of Appeals, Seventh Circuit.
Feb. 27, 1939.

Rehearing Denied March 29, 1939.

Everett Sanders and L. A. Gravelle, both of Washington, D. C., for petitioners.

James W. Morris, Sewall Key, and Arnold Raum, all of Washington, D. C., for respondent.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from a decision of the Board of Tax Appeals, and involves a de-

ficiency in income taxes for the years 1934 and 1935.

Petitioner Oscar E. Bland was on March 4, 1923 appointed an Associate Judge of the United States Court of Customs Appeals (now called the United States Court of Customs and Patent Appeals). He took the oath of office on March 5, 1923. The Commissioner of Internal Revenue determined that his salary as judge of that court was subject to income tax and the Board approved.

The only question presented is whether the salary of a judge of the United States Court of Customs and Patent Appeals appointed prior to June 6, 1932 is includable in taxable gross income.

"§ 22. (a) 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or .from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. In the case of Presidents of the United States and judges of courts of the United States taking office after June 6, 1932, the compensation received as such shall be included in gross income; and all Acts fixing the compensation of such Presidents and judges are hereby amended accordingly." Revenue Act of 1934, Chap. 277, 48 Stat. 686; U.S.C., Title 26, § 22(a), 26 U.S.C.A. § 22(a).

Petitioners contend that Congress cannot constitutionally impose the tax, and in support of their contention urge that the Court of Customs and Patent Appeals is a court established under Article 3, of the Constitution, U.S.C.A., and that a tax imposed upon its judges violates that provision of Article 3 prohibiting diminution of compensation during continuance in office.

Article 3, Section 1 of the Constitution provides: "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office."

On the other hand respondent contends that the salary of the petitioner is not constitutionally protected against diminution, since that court is a legislative court rather than a constitutional court.

We believe the answer is to be found in Ex parte Bakelite Corp., 279 U.S. 438, 49 S.Ct. 411, 73 L.Ed. 789. In that case it was contended that the Court of Customs Appeals was an inferior court created by Congress under Section 1, Article 3 of the Constitution, and in discussing this contention the court said (page 449, 49 S.Ct. page 412): "While article 3 of the Constitution declares in section 1, that the judicial power of the United States shall be vested in one Supreme Court and in 'such inferior courts as the Congress may from time to time ordain and establish,' and prescribes, in section 2, that this power shall extend to cases and controversies of certain enumerated classes, it long has been settled that article 3 does not express the full authority of Congress to create courts, and that other articles invest Congress with powers in the exertion of which it may create inferior courts and clothe them with functions deemed essential or helpful in carrying those powers into execution. But there is a difference between the two classes of courts. Those established under the, specific power given in section 2 of article 3 are called constitutional courts. They share in the exercise of the judicial power defined in that section, can be invested with no other jurisdiction, and have judges who hold office during good behavior, with no power in Congress to provide otherwise. On the other hand, those created by Congress in the exertion of other powers are called legislative courts. Their functions always are directed to the execution of one or more of such powers, and are prescribed by Congress independently of section 2 of article 3; and their judges hold for such term as Congress prescribes, whether it be a fixed period of years or during good behavior."

Nevertheless, the grounds upon which the Bakelite decision was reached, petitioners argue, have been removed by subsequent decisions and we are asked to disregard the Bakelite case entirely. Federal Radio Commission v. Nelson Brothers

Bond & Mortgage Co., 289 U.S. 266, 53 S. Ct. 627, 77 L.Ed. 1166; Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918; Fidelity National Bank & Trust Co. v. Swope et al., 274 U.S. 123, 47 S.Ct. 511, 71 L.Ed. 959, and other cases are cited. We have carefully read these cases and considered the arguments advanced, but we are unable to hold that the Supreme Court intended to recede from the pronouncements of the Bakelite case.

We are fortified in our decision by the language used in Williams v. U. S., 289 U. S. 553, 53 S.Ct. 751, 77 L.Ed. 1372, where the court said (page 571, 53 S.Ct. page 757): "Further reflection tends only to confirm the views expressed in the Bakelite opinion as to the status of the Court of Customs Appeals, and we feel bound to re-affirm and apply them. And, giving these views due effect here, we see no escape from the conclusion that, if the Court of Customs Appeals is a legislative court, so also is the Court of Claims." The Court then held that the salary of a judge of a legislative court could be diminished.

■ The Petitioners also urge that the last sentence of the section of the statute involved operates to exclude his salary since he was appointed prior to June 6, 1932, on the ground that the mention of one thing implies the exclusion of another thing; expressio unius est exclusio alterius. This maxim is not of universal application, but is to be applied only as an aid in arriving at intention. U. S. v. Barnes, 222 U.S. 513, 32 S.Ct. 117, 56 L.Ed. 291. It should never be followed to the extent of overriding a different intent of the legislature. Consumers' Co. v. City of Chicago, 313 Ill. 408, 145 N.E. 114. Congress intended to use its power to the full extent, and by this Act it was the intention of Congress to put money into the federal treasury by imposing a tax upon pretty much every sort of income subject to the federal power. Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 89, 55 S.Ct. 50, 79 L.Ed. 211.

The sentence we are considering first appeared in the law as Section 22(a) of the Revenue Act of 1932, c. 209, 47 Stat. 178, 26 U.S.C.A. § 22(a), except that the phrase "After June 6, 1932" read "after the date of the enactment of this Act". The date of enactment of the 1932 Act was in fact June 6, 1932, and, when these provisions were re-enacted in 1934, there occurred the above change in phraseology merely to preserve continuity.

The Revenue Act immediately prior to the 1932 Act (the Revenue Act of 1928, c. 852, 45 Stat. 791) contained no provision in Section 22(a), 26 U.S.C.A. § 22(a), comparable to the last sentence of the 1932 and 1934 Acts. And under the 1928 Act the salaries of all judges of legislative courts were included in gross income pursuant to the general provisions of Section 22(a). The salaries of judges of constitutional courts were not included. See Evans v. Gore, 253 U.S. 245, 40 S.Ct. 550, 64 L.Ed. 887, 11 A.L.R. 519. In passing the Revenue Act of 1932, Congress believed it had the power and it was undertaking to tax the salaries of judges of constitutional courts, provided the statute applied only to after-appointed judges.

■■ It is obvious that gross income as defined in the statute is all inclusive and includes salaries from any source whatever, excluding only those judges whose salaries are protected by the Constitution. It is clear to us that it was the intention of Congress to enlarge, not to reduce, the number subject to the payment of income tax. It was never intended to exempt those already plainly within the provisions of the existing law. To hold with Petitioners it would be necessary to say that Congress, in making clear its intention to tax the salaries of all after-appointed judges, impliedly exempted the salaries of judges already clearly taxable under the existing law. We cannot bring ourselves to the belief that Congress ever intended such a result. Laws should receive a sensible construction. The maxim urged by Petitioners is not productive of such sensibleness.

The order of the Board of Tax Appeals is affirmed.