**MAGRUDER, Collector of Internal Revenue,
v. BROWN et ux.**

**No. 4473.**

Circuit Court of Appeals, Fourth Circuit.

Aug. 28, 1939.

Berryman Green, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., and Bernard J. Flynn, U. S. Atty., of Baltimore, Md., on the brief), for appellant.

Thomas F. Cadwalader, of Baltimore, Md., for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and H. H. WATKINS, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law brought in the District Court of the United States for the District of Maryland, in April, 1938, by the appellees, George Stewart Brown and Susan M. Brown, his wife, here referred to as the plaintiffs, against M. Hampton Magruder, individually and as collector of internal revenue, here referred to as the defendant. The object of the action was to recover income taxes in the sum of $465.20, paid under protest for the year 1934, by the plaintiff, George Stewart Brown. The defendant demurred to the declaration, which demurrer was taken and considered by the judge below as a motion for judgment on the pleadings. After argument the demurrer was overruled and judgment for defendant refused. The defendant declined to plead further and judgment was entered on the pleadings in favor of the plaintiffs. From this action this appeal was brought.

The plaintiff, George Stewart Brown, is a judge of the United States Customs Court, having been appointed to that court in the year 1913 when it was still known by its original desigation of Board of United States General Appraisers. Later Congress made the Board a court by changing its name with no change in powers, duties or personnel. Ex parte Bakelite Corporation, 279 U.S. 438, 49 S.Ct. 411, 73 L.Ed. 789. His salary as judge was fixed by law at ten thousand dollars ($10,000) per annum, but during the year 1934 it was less than that sum owing to the diminution of salaries under the acts of June 30, 1932, 47 Stat. 382, March 20, 1933, 48 Stat. 8, 12, and March 28, 1934, 48 Stat. 509, 521, the first being the original Economy Act so called, and the last named being the Executive Offices Appropriation Act for 1935. Judge Brown and his wife made a joint tax return for the year 1934 in which the amount received as his salary was stated and deducted as exempt. No assessment upon said salary was attempted until the year 1937 when a deficiency assessment was made based on a disallowance of the deduction of the judicial salary in the original return. Judge Brown paid the deficiency so assessed with interest, amounting to the sum for which he and his wife have now sued. While they had certain other income, the amount of their joint income less his salary was below their personal exemption. The assessment was paid on January 8, 1938, and a claim for refund thereof was filed on January 31, 1938, which claim was rejected by the collector on April 7, 1938.

The question involved is whether the compensation of a judge of the United States Customs Court, appointed prior to June 6, 1932, is taxable under the Revenue Act of 1934, 48 Stat. 683.

The constitutional provision involved is Article III, Section 1, of the Constitution, U.S.C.A. which reads as follows: "The Judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Com-

pensation, which shall not be diminished during their Continuance in Office."

The statute involved is Revenue Act of 1934, Section 22(a), c. 277, 48 Stat. 680, 26 U.S.C.A. § 22(a):

"§ 22. *Gross income.*

"(a) *General definition.* 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. In the case of Presidents of the United States and judges of courts of the United States taking office after June 6, 1932, the compensation received as such shall be included in gross income; and all Acts fixing the compensation of such Presidents and judges are hereby amended accordingly."

It is contended on the part of the defendant, first that the salary of a judge of the United States Customs Court is not constitutionally protected against diminution since that court is a legislative rather than a constitutional court; second, that section 22(a) of the Revenue Act of 1934 was not intended to exempt from taxation the salaries of judges of legislative courts appointed before June 6, 1932; that such salaries were already taxable and that in specifying that compensation of after-appointed judges should be included in gross income, Congress was undertaking to extend the taxing power to judges of constitutional courts and not restrict it so as to exclude judges' salaries already taxable.

It is contended on behalf of plaintiffs that that part of section 22 (a) of the revenue act of 1934, above quoted, exempted the salary of Judge Brown because he was a judge of a court of the United States, appointed prior to June 6, 1932.

■ As was held by the judge below, there can be no doubt that the Customs Court, of which Judge Brown was a member, was a legislative and not a constitutional court (Ex parte Bakelite Corporation, supra), and his compensation as such judge was not protected from being diminished during his continuance in office; in fact it was diminished, as above set out. It

also follows that unless specifically exempted by section 22(a) of the revenue act of 1934 his salary was taxable. A non-discriminatory tax laid generally on net income is not, when applied to the compensation of a judge of a federal court, either legislative or constitutional, a diminution of his salary. O'Malley v. Woodrough, 59 S.Ct. 838, 83 L.Ed. ——, decided by the Supreme Court May 22, 1939.

■ The provision found in the last sentence of section 22(a) of the revenue act of 1934 was first contained in the revenue act of 1932, 26 U.S.C.A. § 22(a), June 6, 1932, being the date of the enactment of that act. In the year 1920 the Supreme Court had decided that the taxing of the salary of a judge of a constitutional court was contrary to Article III, Section 1 of the Constitution and was a diminution of his salary. Evans v. Gore, 253 U.S. 245, 40 S.Ct. 550, 64 L.Ed. 887, 11 A.L.R. 519. By the provision, as to the compensation of "Presidents of the United States and judges of courts of the United States", found in the revenue acts of 1932 and 1934, Congress was seeking to avoid, "at least in part," the consequences of Evans v. Gore, supra. Congress was plainly endeavoring to tax the salaries of judges of constitutional courts of the United States appointed after the enactment of the clause in question. Without such a provision, under Evans v. Gore, all salaries of such judges would be immune from taxation. In saying that the compensation of certain judges should be taxed Congress could not have intended to say that the compensation of another class of judges (of legislative courts) already taxable, should not be taxed.

At the time of the enactment of these clauses in the revenue acts of 1932 and 1934 Congress was seeking to find other sources of taxation, not to limit such sources as it already had. It was seeking to tax the salaries of more judges not to exempt those already taxable.

■ There can be no doubt that judge Brown was a judge of a court of the United States but, in our opinion, he was not a judge of such a court within the meaning of the language used by Congress in the Revenue Act of 1934.

■ The compensation of judges of legislative courts, whatever may have been the date of their appointment, was always taxable under the general provisions of Section 22 (a) and the sentence first added in

the Act of 1932 was not intended to exempt them.

In Bland et al. v. Commissioner, 7 Cir., 102 F.2d 157, 159, the court in discussing this same question said:

"* * * Congress intended to use its power to the full extent, and by this Act it was the intention of Congress to put money into the federal treasury by imposing a tax upon pretty much every sort of income subject to the federal power. Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 89, 55 S.Ct. 50, 79 L.Ed. 211.

*        *        *        *        *        *

"It is obvious that gross income as defined in the statute is all inclusive and includes salaries from any source whatever, excluding only those judges whose salaries are protected by the Constitution. It is clear to us that it was the intention of Congress to enlarge, not to reduce, the number subject to the payment of income tax. It was never intended to exempt those already plainly within the provisions of the existing law. To hold with Petitioners it would be necessary to say that Congress, in making clear its intention to tax the salaries of all after-appointed judges, impliedly exempted the salaries of judges already clearly taxable under the existing law. We cannot bring ourselves to the belief that Congress ever intended such a result. Laws should receive a sensible construction. The maxim urged by Petitioners is not productive of such sensibleness."

Since the decision of the Supreme Court in the Woodrough case, supra, it seems clear that, at the time of the enactment of the Revenue Acts of 1932 and 1934, the compensation of all judges, whether of legislative or constitutional courts, was taxable and such taxation does not constitute a diminution of compensation. To exempt Judge Brown's salary for the year 1934 from taxation some express authority from Congress must be shown. We can find no such authority.

The case of Miles v. Graham, 268 U.S. 501, 45 S.Ct. 601, 69 L.Ed. 1067, strongly relied upon by the learned judge below has been overruled by the Supreme Court in the Woodrough case. The decision in the latter case being handed down after the decision below in this case the trial judge did not have the benefit of the ruling.

Judgment should have been entered for the defendant.

Reversed.