**BAKER et al. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 5358.**

Circuit Court of Appeals, Fourth Circuit.

May 10, 1945.

Before STONE, Chief Justice of the United States, GRONER, Chief Justice of the United States Court of Appeals for the District of Columbia, and DOBIE, United States Circuit Judge.

Arthur S. Dayton, of Charleston, W. Va., for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen. (Sewall Key, J. Louis Monarch and Helen Goodner, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

DOBIE, Circuit Judge.

This appeal involves the validity of federal income taxes. The Commissioner of Internal Revenue (hereinafter called the Commissioner) included within gross income for each of the years 1939, 1940, and 1941, the judicial salary of $10,000 of Honorable William E. Baker, United States District Judge for the Northern District of West Virginia, and the Commissioner determined deficiencies resulting from this inclusion. The Commissioner's determination was sustained by the Tax Court of the United States.

Judge Baker's appeal to us presents a single question of law. Is the provision of Section 22(a) of the Internal Revenue Code, as added by Section 3 of the Public Salary Tax Act of 1939, 26 U.S.C.A. Int.Rev. Code, § 22(a), void, as applied to Judge Baker for the three years in question, on the ground that this section violates Article III, Section 1, of the Constitution of the United States?

Article III, Section 1, of the Constitution reads: "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office."

Section 3 of the Public Salary Taxing Act of 1939 reads: "Section 22(a) of the Internal Revenue Code is amended by adding at the end thereof a new sentence to read as follows: 'In the case of judges of courts of the United States who took office on or before June 6, 1932, the compensation received as such shall be included in gross income.'"

The facts of this case are not in dispute. Judge Baker qualified as United States District Judge for the Northern District of West Virginia on April 3, 1921. He has since continued, and still continues in that office; has rendered, and still renders, the services thereto incident.

Three cases, all decided by the United States Supreme Court, loom large on the horizon of the present controversy. In Evans v. Gore, 253 U.S. 245, 40 S.Ct. 550, 64 L.Ed. 887, 11 A.L.R. 519 it was decided (to quote a headnote of that case): "A tax up-on the net income of a United States District Judge assessed under the Act of February 24, 1919, c. 18, 40 Stat. 1062, § 213, *(passed since he took office)* by including his official salary in the computation, operates to diminish his compensation, in violation of the Constitution, and is invalid." (Italics ours.)

Mr. Justice Holmes wrote a vigorous dissenting opinion in which Mr. Justice Brandeis concurred. Miles v. Graham, 268 U.S. 501, 45 S.Ct. 601, 69 L.Ed. 1067, went one step further and invalidated the tax, though Judge Graham was appointed *after* the passage of the Revenue Act of 1918, imposing the income tax on the salaries of federal judges. Mr. Justice Brandeis dissented. Then came O'Malley v. Woodrough, 307 U.S. 277, 59 S.Ct. 838, 83 L.Ed. 1289, 122 A.L.R. 1379, which expressly overruled Miles v. Graham and declared the income tax valid as to a judge appointed *after* the passage of the taxing statute. Mr. Justice Butler dissented.

It will thus be seen that Judge Baker, like Judge Graham, assumed office *after* the passage of the statute of 1918 imposing an income tax on the salaries of federal judges, and *after* the decision in Evans v. Gore, supra. Although Evans v. Gore, supra, declared void the Act of 1918, adopted February 24, 1919 (under which the tax on Judge Evans was imposed), the Court did not rest its decision on the ground that he had taken office before the enactment of the taxing act. But the fact that Judge Evans was commissioned long prior to the passage of any act taxing judicial salaries was undoubtedly considered, and accordingly O'Malley v. Woodrough, in overruling Miles v. Graham and leaving Evans v. Gore standing, obviously meant to let the decision in the latter case rest upon its own facts, and in this respect to approve the views of the Attorney General that statutes imposing income taxes on the salaries of federal judges, appointed after the passage of the salary taxing statutes, were valid. 32 Op.Atty.Gen. 248 (1920). Thus Judge Baker, like Judge Graham and Judge Woodrough, but unlike Judge Evans, assumed office at a time when Congress had committed itself to the policy of taxing the salaries of federal judges.

It is true that § 22(a) of the Revenue Act of 1932, applicable to Judge Woodrough in O'Malley v. Woodrough, supra, requiring the inclusion of the salaries of judges of the United States in gross in-

come, for the purpose of income taxes, purported to amend accordingly all acts fixing the compensation of such judges, while the Revenue Act of 1918, applicable to Judge Baker and Judge Graham, imposed the tax on the salaries of judges without treating it specifically as a reduction or modification of their stated salaries, made in advance of their appointment. But the Supreme Court did not rest its decision in O'Malley v. Woodrough, supra, upon any such distinction. Instead, in deciding that case the Court found it necessary to overrule Miles v. Graham, supra, and therefore to restrict the scope of Evans v. Gore, supra, so far as its reasoning and authority could be deemed to lend support to the decision in Miles v. Graham, supra. We must take it then that the Woodrough case, inasmuch as it overruled Miles v. Graham, supra, states the rule applicable to Judge Graham's case, as well as Judge Woodrough's, and it must now be taken to state likewise the rule applicable to Judge Baker when he took office and since. The necessary effect of the Woodrough case seems to us to be that a judge who takes office under an established Congressional policy of taxing his salary becomes entitled only to the salary prescribed by statute less income taxes, and that in consequence his salary is not diminished by the tax within the meaning of Evans v. Gore, supra, and Miles v. Graham, supra, as restricted in their application by O'Malley v. Woodrough, supra.

 We agree with the Tax Court that under O'Malley v. Woodrough, supra, Judge Baker's liability to the tax as established by the 1918 Act, remained unaffected by the Revenue Act of 1921. That Act, adopted November 23, 1921, repealed the 1918 Act as of January 1, 1921, but at the same time re-enacted the provisions of the 1918 Act taxing his salary, making the tax applicable to the calendar year 1921 and subsequent years. There was no point of time when his salary was not made subject to the tax.

Nor are we impressed by the argument that Judge Baker fell, by the odd sequence of Congressional enactments, into a sort of statutory taxing vacuum, because by Congressional action he was relieved possibly by the 1928 Act, 26 U.S.C.A. Int.Rev. Acts, page 354, and certainly by the 1932 Act, from income taxation, until the enactment of the 1939 Act, which was made applicable only in futuro as to all judges appointed before June 6, 1932. The consequence of the decision in O'Malley v. Woodrough, supra, as we interpret it, is that the Revenue Act of 1918, like that of 1932, by imposing an income tax on judges' salaries, fixed the salaries for the future at a stated amount less such income taxes as might be imposed. We cannot say that a judge is any the less subject to the tax, because in some years prior to the 1939 Act, Congress did not see fit to impose it. We interpret O'Malley v. Woodrough, supra, as meaning that the tax on Judge Woodrough's salary could be constitutionally increased along with general increases in income taxes, and, if once reduced, that it could be restored to its original amount, as in the case of other taxes.

Since we conclude that in overruling Miles v. Graham, supra, the decision in the Woodrough case, and the reasoning which supported it, require us to hold that judges taking office under the Act of 1918 became subject to income taxes for the years and the amounts in which Congress might see fit to impose them, we conclude that the judgment of the Tax Court must be affirmed. For this reason we find it unnecessary to consider other independent grounds urged by the Government for sustaining the tax.

Affirmed.