Terry J. HATTER, Jr., et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 705–89 C.

United States Claims Court.

Nov. 9, 1990.

Steven S. Rosenthal, with whom were W. Stephen Smith and Ellen E. Deason, Washington, D.C., for plaintiffs.

Terrence S. Hartman, with whom were Stuart M. Gerson and David M. Cohen, Washington, D.C., for defendant.

## OPINION AND ORDER

TURNER, Judge.

Plaintiffs are ten Article III* federal judges serving on various United States district courts and on one United States court of appeals. They bring this action pursuant to U.S. Const. art. III, § 1 (Compensation Clause) claiming that their compensation has been diminished by reason of the Social Security Amendments of 1983, Pub.L. 98–21, § 101, 97 Stat. 65, 68 (codified as amended in scattered sections of 26 U.S.C. and 42 U.S.C.). Plaintiffs seek damages in the amount of the Social Security taxes withheld from their salaries from January 1, 1984 to the present.

Defendant filed a motion to dismiss the complaint pursuant, *inter alia*, to RUSCC 12(b)(1). It alleges that this is a tax refund suit over which the Claims Court currently lacks subject matter jurisdiction because the plaintiffs failed to file an administrative claim for refund with the Internal Revenue Service as required by 26 U.S.C. § 7422(a). Hearing concerning defendant's motion was conducted on November 9, 1990 in Washington, D.C.

For reasons stated below, we conclude that the Claims Court lacks subject matter jurisdiction over the complaint at this time. Although plaintiffs characterize their claims as ones for damages other than a tax refund, we conclude that, in essence, their claims are for tax refunds which must be brought first before the IRS. 26 U.S.C. § 7422(a).

I

Prior to January 1, 1984, the salaries of Article III judges were not subject to withholding for Social Security taxes. Effective January 1, 1984, Congress amended the Social Security Act, 42 U.S.C. § 410(a)(5)(E) (1988), and the Internal Revenue Code of 1954, 26 U.S.C. § 3121(b)(5)(E) (1988), extending Social Security coverage to many previously exempt civilian government employees, including judges of the United States district courts and courts of appeals. Pursuant to this statute, the plaintiffs in this case had the following amounts withheld from their salaries during the years 1984 through 1989:

| Year | Amount Withheld |
|------|-----------------|
| 1984 | $2,532.60 |
| 1985 | $2,791.80 |
| 1986 | $3,003.00 |
| 1987 | $3,131.70 |
| 1988 | $3,379.50 |
| 1989 | $3,604.80 |

All of the plaintiffs were appointed and took office prior to January 1, 1984, the effective date of the amendments. At the time of their respective appointments, the only mandatory deductions from their salaries were for federal and state income taxes. No mandatory deductions were made for retirement or for Social Security benefits. Plaintiffs now seek to recover as damages the amounts withheld for Social Security taxes.

II

Title 26 U.S.C. § 7422(a) provides in pertinent part:

> *No suit or proceeding shall be maintained in any court for the recovery of*

---

\* The designation stems from Article III, Section 1, of the United States Constitution which provides:

The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, *receive for their Services a Compensation, which shall not be diminished during their Continuance in Office.* [Emphasis added.]

*any internal revenue tax alleged to have been* erroneously or *illegally* assessed or *collected ... or of any sum alleged to have been* excessive or *in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary,* according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof. [Emphasis added.]

Plaintiffs concede that if the court determines that their claims are for tax refunds, then they must file an administrative refund claim with the IRS before suit may be brought in this court. *See* 26 U.S.C. § 7422(a). They argue, however, that this is not a tax refund suit but rather a claim for damages based on the diminution in compensation caused by withholding the Social Security tax from their salaries. To support their position, plaintiffs rely on the Court of Claims opinion in *Atkins v. United States,* 556 F.2d 1028, 214 Ct.Cl. 186 (1977), *cert. denied,* 434 U.S. 1009, 98 S.Ct. 718, 54 L.Ed.2d 751 (1978). They argue that since, according to *Atkins,* the court would have great flexibility in fashioning a remedy for a violation of the Compensation Clause, their claim is somehow distinguished from an ordinary tax refund suit. Plaintiffs argue that the court could provide a remedy by awarding damages or by ordering an appropriate increase in their salaries to counteract the effect of the Social Security deductions. The possibility of alternative relief, according to plaintiffs, demonstrates that defendant's characterization of their claim as one for a tax refund is mistaken.

Defendant argues that this is a tax refund suit, relying primarily on the Court of Claims opinion in *King v. United States,* 390 F.2d 894, 896, 182 Ct.Cl. 631, 633–34 (1968), *rev'd on other grounds,* 395 U.S. 1, 2, 89 S.Ct. 1501, 1501–02, 23 L.Ed.2d 52 (1969). In *King,* the plaintiff was a retired Army colonel who claimed that by misclassifying his armed services retirement status, the government caused him to pay federal income taxes which he was not legally obligated to pay. King asserted that he should be allowed to maintain his claim even though he had not filed a refund claim with the IRS. The Court of Claims held that his monetary claim was barred because he did not file an administrative refund claim but granted him relief in the form of a declaratory judgment and was later reversed on this ground. 395 U.S. at 5, 89 S.Ct. at 1503.

Although *King* did not involve a diminution claim based on the Compensation Clause, we conclude that it is more analogous to the present case than *Atkins.* Plaintiffs attempt to distinguish their case from *King* on the ground that, unlike *King,* they do not challenge the government's authority to deduct Social Security contributions from their wages. Plaintiffs argue that if they are legally obligated to pay the Social Security taxes, then the diminution which results must be rectified. Putting aside semantics, we find that this is a tax refund suit. Like the plaintiff in *King,* plaintiffs here are asserting that they should be allowed to maintain their claim in this court even though they have not filled a refund claim with the IRS. For jurisdictional purposes, plaintiffs' position is identical to the plaintiff in *King* and we find it controlling.

The fact that the plaintiffs in *Atkins* brought a claim for damages is of no help to the plaintiffs in this case. The claim in *Atkins* was for a violation of the Compensation Clause based on alleged diminution in salary caused by inflation and by the failure of Congress to raise judicial salaries. Since *Atkins* did not involve alleged diminution by taxation, it did not present a jurisdictional problem for the court similar to the one addressed in *King.*

The issue of whether taxes withheld from Article III judicial salaries constitute a diminution in violation of the Compensation Clause is not new. It was first brought before the United States Supreme Court in 1920 in a case involving income taxes. *Evans v. Gore,* 253 U.S. 245, 40 S.Ct. 550, 64 L.Ed. 887 (1920). Thereafter, each time the "diminution" issue has arisen in the context of income taxes, the claim originated as one against the IRS. *See Miles v. Graham,* 268 U.S. 501, 45 S.Ct.

601, 69 L.Ed. 1067 (1925), *overruled by O'Malley v. Woodrough*, 307 U.S. 277, 59 S.Ct. 838, 83 L.Ed. 1289 (1939). In *O'Malley*, the Supreme Court described the suit below as "an action at law to recover a tax on income claimed to have been illegally exacted." 307 U.S. at 278, 59 S.Ct. at 838. The Court further noted that the suit had been brought against the Collector of Internal Revenue and the plaintiff's claim for refund had been rejected. 307 U.S. at 279, 59 S.Ct. at 838–39.

None of the claims for violation of the Compensation Clause brought after *O'Malley* was based on taxes. *See United States v. Will*, 449 U.S. 200, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980); *Duplantier v. United States*, 606 F.2d 654 (5th Cir.1979), *cert. denied*, 449 U.S. 1076, 101 S.Ct. 854, 66 L.Ed.2d 798 (1981); *Atkins v. United States*, 556 F.2d 1028, 214 Ct.Cl. 186 (1977), *cert. denied*, 434 U.S. 1009, 98 S.Ct. 718, 54 L.Ed.2d 751 (1978).

We conclude that there is no logical reason to view a claim for diminution based on Social Security taxes differently from one based on income taxes. In order to obtain a refund of either, the claim must be brought before the IRS prior to filing a complaint in this court. Manifestly, however artfully characterized, plaintiffs seek recovery of Social Security taxes which have been deducted from their salaries since January 1, 1984. Based on the Supreme Court's interpretation of diminution claims involving income taxes as claims for a tax refund rather than damages, the Court of Claims opinion in *King*, and the face of 26 U.S.C. § 7422(a), we conclude that plaintiffs' claims are for tax refunds over which this court lacks subject matter jurisdiction at this time.

### III

Defendant's motion to dismiss filed on May 15, 1990, to the extent that it asserts this court's current lack of jurisdiction, *see* RUSCC 12(b)(1), is GRANTED. It is ORDERED that judgment be entered dismissing the complaint for lack of jurisdiction.

Each party shall bear its own costs. *See Johns–Manville Corp. v. United States*,

893 F.2d 324, 328 (Fed.Cir.1989) ("the Claims Court has no power to award costs in cases over which it has no ... jurisdiction").

