**Judge Terry J. HATTER, Jr., Mary Martin Arceneaux, on behalf of the late Judge George Arceneaux, Jr., Judge Peter H. Beer, Judge Dudley H. Bowen, Jr., Dolores Lee Burciaga, executrix of the estate of Chief Judge Juan G. Burciaga, Judge A.J. McNamara, Judge Harry Pregerson, Judge Raul A. Ramirez, Judge Norman C. Roettger, Jr., Chief Judge Thomas A. Wiseman, Jr., Chief Judge Terence T. Evans, Judge Henry A. Mentz, Jr., Chief Judge Wilbur D. Owens, Jr., Judge Henry R. Wilhoit, Jr., Judge Harold A. Baker and Chief Judge Michael M. Mihm, Plaintiffs–Appellants,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 97–5093.

United States Court of Appeals, Federal Circuit.

Oct. 26, 2001.

Before RADER, Circuit Judge, ARCHER, and PLAGER, Senior Circuit Judges.*

RADER, Circuit Judge.

This case is back in this court on remand from the Supreme Court of the United States. *United States v. Hatter,* 532 U.S. 557, 121 S.Ct. 1782, 149 L.Ed.2d 820 (2001) (*Hatter IX*). The history of this case involves nine decisions: *Hatter v. United States,* 21 Cl.Ct. 786 (1990) (*Hatter I*), *Hatter v. United States,* 953 F.2d 626 (Fed.Cir.1992) (*Hatter II*), *Hatter v. United States,* 31 Fed. Cl. 436 (1994) (*Hatter III*), *Hatter v. United States,* 64 F.3d 647 (Fed.Cir.1995) (*Hatter IV*), *Hatter v. United States,* 519 U.S. 801, 117 S.Ct. 39, 136 L.Ed.2d 3 (1996) (*Hatter V*), *Hatter v. United States,* 38 Fed. Cl. 166 (1997) (*Hatter VI*), *Hatter v. United States,* 185 F.3d 1356 (Fed.Cir.1999) (*Hatter VII*), *Hatter v. United States,* 203 F.3d 795 (Fed.Cir. 2000) (*Hatter VIII*), and *United States v. Hatter,* 532 U.S. 557, 121 S.Ct. 1782, 149 L.Ed.2d 820 (2001) (*Hatter IX*).

In *Hatter IV,* this court relied upon *Evans v. Gore,* 253 U.S. 245, 40 S.Ct. 550, 64 L.Ed. 887 (1920), to hold that Congress violated the Compensation Clause of the United States Constitution when it imposed Medicare and Social Security taxes upon then-sitting Article III judges. On August 5, 1999, this court issued its opinion and judgment in *Hatter v. United States,* 185 F.3d 1356 (Fed.Cir.1999) (*Hatter VII*). In *Hatter VII,* this court relied upon the unconstitutional diminution determined in *Hatter IV* as law of the case, and held further that the full measure of damages sustained by the then-sitting Article III judges is independent of any salary increase awarded thereafter, absent Congressional purpose to cure the constitutional wrong. Sitting *en banc,* this court

superseded certain portions of the panel opinion but left intact that portion of *Hatter VII* described above. *Hatter v. United States,* 203 F.3d 795 (Fed.Cir.2000) (en banc) (*Hatter VIII*). Thereafter the Supreme Court granted the Government's petition for certiorari to consider "[w]hether Congress violated the Compensation Clause when it extended the Medicare and Social Security taxes to the salaries of sitting federal judges; and, [i]f so, whether any such violation ended when Congress subsequently increased the salaries of all federal judges by an amount greater than the new taxes." *Hatter IX,* 532 U.S. 557, 121 S.Ct. at 1789.

In *Hatter IX,* the Supreme Court overruled *Evans,* and held that Congress may impose a nondiscriminatory tax upon sitting Article III judges, but that taxation that singles out judges for specially unfavorable treatment is prohibited. The Supreme Court then reversed the opinions of this court in *Hatter IV* and *Hatter VII* as they related to nondiscriminatory taxes. The Court found that in this case Congress acted within its constitutional limits when it extended Medicare eligibility and taxes to all federal employees including all then-sitting Article III judges. *Hatter IX,* 532 U.S. 557, 121 S.Ct. at 1793.

The Supreme Court opinion also affirmed, however, the holding of this court in *Hatter VII* that the Social Security rules that effectively singled out then-sitting Article III judges for imposition of Social Security taxes were unconstitutional. *Hatter IX,* 532 U.S. 557, 121 S.Ct. at 1795. The Supreme Court also held that Congress cannot cure an unconstitutional diminution with a subsequent pay increase absent some intent to cure the constitutional violation. *Hatter IX,* 532 U.S. 557, 121

---

* Judge Archer assumed senior status on December 24, 1997. Judge Plager assumed senior status on November 30, 2000.

S.Ct. at 1796–97. In view of this holding and the evidence of record, the Supreme Court affirmed the judgment of this court in *Hatter VII* on these issues and concluded that in this case "later statutory salary increases did not cure the preceding unconstitutional harm." *Hatter IX,* 532 U.S. 557, 121 S.Ct. at 1797.

Accordingly, this court remands to the United States Court of Federal Claims to determine damages to the defendants arising from the unconstitutional imposition of the Social Security tax, consistent with the opinion of the Supreme Court.

REMANDED