Syllabus.

## MARY D. FREAR *v.* CHARLES T. WILDER, TAX ASSESSOR FOR THE CITY AND COUNTY OF HONOLULU, TERRITORY OF HAWAII.

### No. 1275.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

ARGUED SEPTEMBER 16, 1920.          DECIDED SEPTEMBER 27, 1920.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE DEBOLT IN PLACE OF KEMP, J., ABSENT.

STATUTES—*construction of statutes imposing taxes.*

It is a cardinal rule of construction that statutes imposing taxes are to be construed strictly against the government and in favor of the taxpayer and that no person and no property is to be included within their scope unless placed there by clear language.

SAME—*same.*

It is the established rule not to extend their provisions by implication beyond the clear import of the language used or to enlarge their operation so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government and in favor of the citizen.

SAME—*sections 1305 and 1307 R. L. 1915 differentiated.*

Sections 1305 and 1307 R. L. 1915 were intended to serve separate and distinct purposes. The first levies an income tax upon the gains, profits and income derived from certain definite and plainly enumerated sources and fixes the rate of taxation, while the latter merely prescribes the method to be pursued by the taxpayer in returning his gross income from which his net taxable income is to be computed.

GIFTS—*gratuities inter vivos not deemed to be income.*

While gifts *causa mortis* usually fall within the scope of inheritance tax enactments Christmas gifts and other gratuities *inter vivos* are not deemed to be income and are not taxable as such under any of the existing laws of this Territory.

OPINION OF THE JUSTICES BY COKE, C. J.

This cause is here on a submission on agreed facts.

It appears from the record that Mary D. Frear is a resi-
dent of Honolulu, Territory of Hawaii, and that Charles
T. Wilder is tax assessor for the City and County of
Honolulu, Territory of Hawaii; that on or about the
25th day of December, 1919, Mrs. B. F. Dillingham,
mother of said Mary D. Frear, and a resident of said
City and County of Honolulu, transferred and delivered
personal property of the value of $90,000 to her daughter
Mrs. Frear as a Christmas gift of said property and that
Mrs. Frear accepted said property as a Christmas gift;
that thereafter in making out her general tax return as
well as her special tax return to the tax assessor Mrs.
Frear set forth the facts showing the receipt by her of
said Christmas gift of the value of $90,000 from her
mother as aforesaid and claimed that the same was not
taxable income under the general income tax laws of the
Territory or under the special income tax laws thereof;
that thereafter, in May, 1920, Charles T. Wilder, tax
assessor, assessed the income taxes payable by said Mary
D. Frear under said laws and included as a part of the
income so assessed under each of said laws the value of
said Christmas gift of $90,000; that thereafter upon
being advised of the action of the assessor Mrs. Frear
protested the assessment and thereafter, under protest,
with notice that action would be brought to recover the
money so paid, she paid to the assessor the sum of $848
as a part of the tax assessed against said Christmas gift
of $90,000 under the general income tax laws of the Ter-
ritory, and further paid the sum of $788 as a part of the
tax assessed against said Christmas gift under the special
income tax law.

Out of the controversy between the parties two ques-
tions are submitted for the decision of the justices of this
court, to wit:   (1) Whether the value of said gift is tax-
able income under the general income tax laws of the

Territory (Ch. 94 R. L. 1915 and amendments thereto), and (2) Whether the value of said gift is taxable income under the special income tax laws of the Territory of Hawaii (being Act 117, S. L. 1915, and amendments thereto).

The first question submitted turns upon the construction of the provisions of chapter 94 R. L. 1915, and particularly upon the construction of sections 1305 and 1307 of said chapter. These sections are as follows:

"Sec. 1305. Rate on person's income. There shall be levied, assessed, collected and paid annually upon the gains, profits and income over and above fifteen hundred dollars, derived by every person residing in the Territory of Hawaii, from all property owned, and every business, trade, profession, employment or vocation, carried on in the Territory, and by every person residing without the Territory from all property owned, and every business, trade, profession, employment or vocation carried on in the Territory, and by every servant or officer of the Territory, wherever residing, a tax of two per cent. on the amount so derived during the taxation period as herein defined. * * * "

"Sec. 1307. Income includes what. In estimating the gains, profits and income of any person or corporation, there shall be included all income derived from interest upon notes, bonds and other securities, except such bonds of the Territory of Hawaii or of municipalities created by this Territory, the principal and interest of which are by the law of their issuance exempt from all taxation; profits realized within the taxation period from sales of real estate, including leaseholds purchased within two years; dividends upon the stock of any corporation; the amount of all premiums on bonds, notes or coupons; the amount of sales of all movable property, less the amount expended in the purchase or production of the same, and in the case of a person not including any part thereof consumed directly by him or his family; money and the value of all personal property acquired by gift or inheritance, and all

other gains, profits and income derived from any source whatsoever during said taxation period."

The attorney general, representing the tax assessor, argues most forcibly in his able brief that the use of the expression "In estimating the gains, profits and income of any person" etc., to be found in section 1307, embodies the idea of the calculation of a tax and that by the construction of the two sections together it is conclusively shown that gifts *inter vivos* are included within the taxing provisions of the law. While on the other hand counsel for Mrs. Frear contend with equal emphasis that by section 1305 alone has the legislature exercised its power to levy a tax and that it has done so by definitely and clearly designating the kind and quality of income upon which a tax is imposed; that is to say, upon "the gains, profits and income over and above $1500 derived by every person in the Territory from all property owned, and every business, trade, profession, employment or vocation carried on in the Territory" and that as a gift *inter vivos* is not included within any of the enumerated sources from which taxable gains, profits and income are derived, therefore such a gift is not within the purview of the statute. It is further urged in behalf of Mrs. Frear that section 1307 merely sets forth and designates the method of estimating the gross profits to be included in the return of the taxpayer as required by section 1310.

Of course if these two sections may properly be construed in the manner contended for by the attorney general it follows that income springing from sources not contemplated in section 1305 is subject to the income tax levied by virtue of that section. Section 1307 levies no tax and only by implication can it be held that the gains, profits and income from all the sources enumerated therein are taxable under section 1305. It is a cardinal rule of construction that a statute imposing taxes is to be

construed strictly against the government and in favor of the taxpayers and that no person and no property is to be included within its scope unless placed there by clear language of the statute.    (Sutherland Statutory Construction p. 462; Black's Federal Income Taxes, Sec. 27.) "In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out.    In case of doubt they are construed most strongly against the government and in favor of the citizen."    *Gould* v. *Gould,* 245 U. S. 151, where it is held that alimony paid monthly to a divorced wife under a decree of court is not taxable as income under the federal income tax act of October 3, 1913.    See numerous authorities cited in the *Gould* case and also *Minister* v. *Bishop & Co.,* 3 Haw. 793, 794; *Apokaa Sug. Co.* v. *Wilder,* 21 Haw. 571; *Haiku Sug. Co.* v. *Johnstone,* 249 Fed. 103.

We cannot concur in the statement of the attorney general that all of the items required to be returned under the provisions of section 1307 are taxable income. Dividends on the stock of corporations are required to be returned under the provisions of that section but under the following section that income is exempt from taxation if the taxation of two per cent. has been assessed upon the net profits of the corporation.    The salaries received by the members of this court must be returned under the provisions of section 1307 but they are universally recognized as being nontaxable by virtue of the provisions of section 80 of the Organic Act.

It is manifest to us that section 1305 and section 1307 were intended to serve separate and distinct purposes. The first levies an income tax upon gains, profits and income derived from certain definite and plainly enumer-

ated sources and fixes the rate of taxation, while the latter merely prescribes the method to be pursued by the taxpayer in returning his gross income from which his net taxable income is to be computed.

We are not unmindful that there are expressions contained in the opinions of this court in *Halstead* v. *Pratt,* 14 Haw. 38 and *Wilder* v. *Haw'n Trust Co.,* 20 Haw. 589, which indicate that gifts are subject to taxation under sections 1305 and 1307. In the *Halstead-Pratt* case the question here involved was in no wise at issue and the court turned aside from the record in the case to remark that "We presume that, construing all parts of the act together, section 3 (now section 1307) may be regarded as enlarging section 1 (now section 1305) so as to include inheritances." In the *Wilder-Haw'n Trust Co.* case it appears that no question was raised respecting the legality of the tax imposed, the sole question being whether it should be paid by the trustee of the estate or by the annuitant. The court took it upon itself to say that "Under section 1280" (now section 1307) "income shall include money and the value of all personal property acquired by gift or inheritance." If it may be proper to construe those opinions as holding that a gift *inter vivos* is subject to income tax under the laws of the Territory, to that extent we are not in accord with them.

All that has been said may with perhaps greater force be repeated in the consideration of the second question involved, that is, Whether a gift is taxable under the special income tax laws of the Territory, the same being Act 117 S. L. 1915 and amendments thereto. The portions of these laws which are germane to the question under consideration read as follows:

"Section 1. Rate on person's income. In addition to the tax of two per cent., authorized to be levied, assessed and collected upon the gains, profits, and incomes of per-

sons in the Territory of Hawaii under the provisions of chapter 94 of the Revised Laws of Hawaii, 1915, there shall be levied, assessed and collected annually upon the gains, profits and incomes over and above six thousand dollars ($6,000.00) derived by every person residing in the Territory of Hawaii, from all property owned, and every business, trade, profession, employment or vocation carried on in the Territory, and by every person residing without the Territory, from all property owned, and every business, profession, employment or vocation carried on in the Territory, and by every servant or officer of the Territory, wherever residing, a tax of two per cent., on the amount so derived during the taxation periods defined by this Act; provided, however, that such tax shall not be levied or assessed upon money and the value of personal property acquired by will or inheritance otherwise taxed as such." (Sec. 1, Act 117 S. L. 1915 as amended by Sec. 1 Act 206 S. L. 1919.)

"Section 4. Other provisions of law applicable. All of the provisions of sections 1307 to 1316 of the Revised Laws of Hawaii, 1915, both inclusive, in so far as the same are consistent with this Act and may be used in furtherance of the purposes thereof, shall apply to this Act as fully as though incorporated herein." (Act 117 S. L. 1915.)

It is to be observed that gifts are not included within any of the provisions of either of the foregoing sections and while section 1307 is by reference incorporated into the section last above quoted yet we have already determined that section 1307 levies no tax upon gifts *inter vivos.*

Speaking generally of the subject under consideration it may be stated that while gifts *causa mortis,* that is, gifts made in contemplation of death, usually fall within the scope of inheritance tax enactments (as they do in this Territory. See Sec. 1323 R. L. 1915), Christmas gifts and other gratuities *inter vivos* are not deemed to be income. Indeed the usual and accepted import of the

word "income" in no wise denotes a gift. (See Black's Federal Income Taxes, Sec. 49.) The Federal Revenue Act of 1918, section 213, specifically exempts from taxation the value of property acquired by gift and the treasury department in construing the purpose and effect of the earlier Federal Income Tax Act, that is, the act of 1913, held that "The value of property acquired by gift is not subject to income tax." (See Treasury Decision No. 2090, December 14, 1914.) Hence it may be said that the cheerful giver is still beloved and that tribute shall not be laid upon his generosity. Much less shall it be doubly taxed as contended for by the government in this case.

We conclude, therefore, that the value of the Christmas gift to Mrs. Frear from her mother is not taxable under the general income tax laws of the Territory, that is, chapter 94 R. L. 1915 and amendments thereof, and neither is the value thereof taxable under the special income tax laws of the Territory, being Act 117 S. L. 1915, and amendments thereof.

Judgment will be entered conformably to the views herein expressed.

*U. E. Wild* (*Frear, Prosser, Anderson & Marx* on the brief) for Mary D. Frear.

The *Attorney General* for the Tax Assessor submitted the case upon the brief.