CHARLES F. PARSONS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91990. Promulgated October 30, 1940.

*Antonio Perry, Esq.*, and *E. R. Cameron, C. P. A.*, for the petitioner.
*B. H. Neblett, Esq.*, for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of deficiencies in income tax for 1934 and 1935 in the amounts of $526.13 and $255.35, respectively. The question in issue is whether the salary of the petitioner, as associate justice of the Supreme Court of the Territory of Hawaii for the years 1934 and 1935, is liable to Federal income tax.

The proceeding is submitted upon the pleadings, upon certain exhibits admitted in evidence, and upon a signed stipulation of facts incorporated herein by reference.

The petitioner is a citizen of the United States and a resident of the city and county of Honolulu, Territory of Hawaii.

During the calendar year 1926 the petitioner was appointed by the President of the United States, by and with the advice and consent of the Senate, an associate justice of the Supreme Court of the Territory of Hawaii, and duly qualified for and entered upon the duties of that office during October 1926. The petitioner was reappointed to that office on February 23, 1931, and duly qualified under the reappointment on March 11, 1931.

During the period March 11, 1931, to August 17, 1935, the petitioner performed the duties of his office and received from the Federal Government a salary of $10,000 per annum set therefor by Act of May 29, 1928, chapter 904, sections 1 and 2, 45 Stat. 997, except that during the effective period of the Economy Act of June 30, 1932, chapter 314, 47 Stat. 382, 401, as amended, which began July 1, 1932, and ended March 31, 1935, percentage deductions were made from the petitioner's fixed salary.

The amounts of salary actually received by the petitioner from the Treasurer of the United States during the years 1934 and 1935 for services performed as an associate justice were $9,208.32 in 1934 and $6,152.77 in 1935.

The petitioner duly filed with the collector at Honolulu returns of annual net income for the calendar years 1934 and 1935 and included therein as items of gross income, and also as deductions, the above stated amounts of $9,208.32 and $6,152.77, respectively.

The respondent in his determination of the deficiencies herein for the calendar years 1934 and 1935 included the said amounts of $9,208.32 and $6,152.77 in petitioner's gross income, but disallowed their deduction. The deficiencies herein result entirely from such adjustments.

The only issue in this proceeding is whether the salary received by the petitioner as an associate justice of the Supreme Court of the Territory of Hawaii during the years 1934 and 1935 is subject to income tax.

In his income tax returns for 1934 and 1935 the petitioner included his salary in gross income but deducted it from the gross income in determining net income. The respondent restored it to net income in the determination of the deficiencies involved herein, stating in his deficiency notice, which forms the basis for this proceeding:

Salary received as associate justice of the Supreme Court of the Territory of Hawaii, is held by this office to be taxable income since Justices of the Supreme Court of the Territory of Hawaii are not judges of inferior courts of the United States within the meaning of article III, section 1, of the United States Constitution.

The petitioner submits that his salary is exempt from Federal income tax in accordance with paragraph 3 of section 80 of the Organic Act of the Territory of Hawaii, which provides:

The salaries of all officers other than those appointed by the President shall be as provided by the legislature, but those of the chief justice and the justices

of the supreme court and judges of the circuit courts shall not be diminished during their term of office.

He submits that this provision of the organic act is traceable through mesne enactments to Article III, section 1, of the Constitution of the United States, which provides:

The Judicial Power of the United States shall be vested in one Supreme Court and in such inferior courts as the Congress may from time to time ordain and establish. The Judges, both of the Supreme and inferior courts shall hold their offices during good behavior, and shall, at stated times, receive for their services, a compensation which shall not be diminished during their continuance in office.

He further submits that the courts of Hawaii, following opinions of the Supreme Court of the United States (*Pollock* v. *Farmers' Loan & Trust Co.*, 157 U. S. 429; *Evans* v. *Gore*, 253 U. S. 245; and *Miles* v. *Graham*, 268 U. S. 501), have held, in *Robertson* v. *Pratt* and *Waimea Sugar Co.* v. *Pratt*, 13 Hawaii, 590; and *Frear* v. *Wilder*, 25 Hawaii, 603, 607, that the salaries of the judges of the Supreme Court of the Territory of Hawaii are not subject to the Hawaiian income tax, upon the ground that such a tax would operate to diminish their compensation within the purview of paragraph 3 of section 80 of the Organic Act of the Territory of Hawaii; that this was the law governing the issue herein presented at the time the petitioner received his salary in 1934 and 1935. He further submits that the respondent has not subjected to Federal income tax the salaries of the justices of the Supreme Court of the Territory of Hawaii received prior to 1934.

In *O'Malley* v. *Woodrough*, 307 U. S. 277, decided May 22, 1939, the Supreme Court had before it the question as to whether the salary of a judge of one of the United States Circuit Courts of Appeal was subject to income tax under section 22 (a) of the Revenue Act of 1934, which provides in part:

* * * In the case of Presidents of the United States and judges of courts of the United States taking office after June 6, 1932, the compensation received as such shall be included in gross income; and all Acts fixing the compensation of such Presidents and judges are hereby amended accordingly.

In its opinion the Supreme Court held that the salary of the judge in question, who had entered upon the duties of office after June 6, 1932, was subject to income tax, saying:

* * * Congress has committed itself to the position that a non-discriminatory tax laid generally on net income, is not, when applied to the income of a federal judge, a diminution of his salary within the prohibition of Article III, § 1 of the Constitution. * * *

The facts in the instant case are that the petitioner entered upon the duties of his office prior to June 6, 1932. It is therefore argued that the salary received by him in 1934 and 1935 is exempt from income tax.

It is not necessary in this proceeding to determine whether the salary of a judge of a constitutional court entering upon the duties of his

office prior to June 6, 1932, is subject to income tax in 1933 and 1934. We have not that question before us.

The Supreme Court of the Territory of Hawaii is not a "constitutional" court within the meaning of Article III, section 1, of the Constitution. It is a "legislative" court created under Article IV, section 3, clause 2 of the Constitution, which vests in Congress the power to "dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States." See *O'Donoghue* v. *United States*, 289 U. S. 516. Congress clearly has the power under that provision of the Constitution to make any changes which it desires with respect to the terms of office or the salary of justices of a legislative court. It may diminish their compensation if it chooses to do so.

It is furthermore to be noted that the petitioner's compensation for the years 1933, 1934, and 1935 was reduced by the Economy Act of June 30, 1932, chapter 314; 47 Stat. 382, 401, as amended. That act expressly exempted from its provisions "(* * * judges whose compensation may not, under Constitution, be diminished during their continuance in office)." The petitioner's compensation was diminished under the provisions of that act because the diminution thereof was not prohibited by the Constitution of the United States.

*Charles F. Hatfield*, 38 B. T. A. 245, involved the question whether the salary of a judge of the United States Court of Customs and Patent Appeals was subject to income tax for the years 1934 and 1935. There, as here, the judge entered upon the duties of his office prior to June 6, 1932. There, as here, the judge was a member of a legislative court and not of a constitutional court, within the meaning of Article III, section 1, of the Constitution of the United States. We held that his salary was subject to income tax. All that we said there is equally applicable here. Upon the theory of that case it must be held that the salary of the petitioner received as an associate justice of the Supreme Court of the Territory of Hawaii during the years 1934 and 1935 is subject to income tax.

*Decision will be entered for the respondent.*