WILLIAM E. BAKER AND MARTHA D. BAKER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1264. Promulgated November 14, 1944.

Arthur S. Dayton, Esq., for the petitioners.

Elmer L. Corbin, Esq., and Ralph E. Smith, Esq., for the respondent.

OPINION.

OPPER, *Judge*: Respondent has determined deficiencies in income tax for 1939, 1940, and 1941 of $403.70, $516.07, and $1,265.43, respectively. The case was submitted upon a stipulation of facts, which we adopt as our findings of fact. The deficiencies for each year arise wholly from the action of respondent in including in gross income for such year a salary received by the petitioner, William E. Baker, as United States District Judge for the Northern District of West Virginia. The constitutional power of Congress in its enactment of the Public Salary Tax Act of 1939 to subject the salary of petitioner as a judge of a constitutional court of the United States to income tax for the taxable years is the issue presented.

The petitioners are husband and wife and residents of Elkins, West Virginia. They filed joint Federal income tax returns for the years 1939, 1940, and 1941 with the collector for West Virginia at Parkersburg, West Virginia.

The petitioner, William E. Baker (hereinafter referred to as the petitioner), was appointed and duly qualified as United States District Judge for the Northern District of West Virginia on April 3, 1921, and since that appointment has acted in that capacity. As such United States district judge he has received annually a salary of $10,000, which amount has neither been increased nor decreased. In the aforesaid returns filed for each of the taxable years here involved no part of the $10,000 salary received in such year was included in gross income. Upon audit of these returns the Commissioner, for each year, included in petitioner's gross income his official salary, pursuant to the Public Salary Tax Act of 1939, which provides:

"SEC. 3. Section 22 (a) of the Internal Revenue Code is amended by adding at the end thereof a new sentence to read as follows: "In the case of judges of courts of the United States who took office on or before June 6, 1932, the compensation received as such shall be included in gross income."

\*     \*     \*     \*     \*     \*     \*

SEC. 209. In the case of the judges of the Supreme Court, and of the inferior courts of the United States created under article III of the Constitution, who took office on or before June 6, 1932, the compensation received as such shall not be subject to income tax under the Revenue Act of 1938 or any prior revenue Act.

In *Evans* v. *Gore*, 253 U. S. 245, the Supreme Court decided in 1920 that a Federal income tax upon the compensation of a United States district judge appointed in 1899 was unconstitutional as being violative of Article III, section 1, of the Constitution:

\*   \*   \*   The Judges, both of the supreme and inferior Courts, shall hold their offices during good Behaviour, and shall, at stated Times, receive for their

Services, a Compensation, which shall not be diminished during their Continuance in Office.

The revenue act which for the first time purported to levy such a tax was that of 1918. The validity of that provision as applied to a judge taking office in 1919, after its enactment, was ruled upon in 1925 in the case of *Miles* v. *Graham*, 268 U. S. 501. The Court there held that, notwithstanding that the appointment followed the adoption of the taxing statute, the tax constituted a diminution of Judge Graham's compensation during his continuance in office, and hence that the same principle as that announced in *Evans* v. *Gore* was applicable.

Subsequently, and notwithstanding that Congress continued to reenact similar provisions,[1] the administrative practice apparently was to refrain from attempts to tax the salary of Federal judges. That continued until 1932, when in the revenue act of that year, section 22 (a), defining gross income, was amplified to provide:

* * * In the case of Presidents of the United States and judges of courts of the United States taking office after the date of the enactment of this Act, the compensation received as such shall be included in gross income; and all Acts fixing the compensation of such Presidents and judges are hereby amended accordingly.

A judge who took office in 1933 was charged with the tax imposed by the similar provision of the 1936 Act. In *O'Malley* v. *Woodrough*, 307 U. S. 277, that action and the legislation which empowered it were sustained. In the course of its opinion the Court discussed, but did not expressly disaffirm, *Evans* v. *Gore*, *supra*. It stated, however, that "to the extent that what the Court now says is inconsistent with what was said in *Miles* v. *Graham* * * * the latter cannot survive."

In 1939 the ultimate development took form in the enactment of the Public Salary Tax Act calling for the taxation for that and subsequent years of the compensation received by judges of courts of the United States who took office on or before June 6, 1932. The

---

[1] The express language was omitted from the 1928 Act, but merely on the ground that the general definition of income included such salaries if they were not constitutionally immune and that the specific provision was surplusage.

"SECTION 22. GROSS INCOME

"No changes are made in the general definition of gross income in section 22 (a) except to omit as surplusage the following clause which appears in section 213 (a) of the 1946 Act:

" '(including in the case of the President of the United States, the judges of the Supreme and inferior courts of the United States, and all other officers and employees, whether elected or appointed, of the United States, Alaska, Hawaii, or any political subdivision thereof, or the District of Columbia, the compensation received as such)'

"In so far as any such compensation may be taxed under the Constitution, it is already included within the general definition in the bill." [Report, Ways and Means Committee, 70th Cong., 1st sess., 1939–1 C. B., Part 2, p. 392.]

question [2] before us is whether this legislation is so clearly unconstitutional as applied to the present petitioner that we are authorized to disapprove the action of the respondent taken in conformity with the letter of a congressional mandate. *Rita O'Shaughnessy, Executrix*, 21 B. T. A. 1046; affd. (C. C. A., 6th Cir.), 60 Fed. (2d) 235; certiorari denied, 288 U. S. 605. We do not think that it is.

*O'Malley* v. *Woodrough, supra,* held in substance that a nondiscriminatory tax applied to the salary of a Federal judge taking office after the passage of the taxing statute was not such a diminution of his compensation during his continuance in office as to be prohibited by the Constitution.[3] "To suggest that it makes inroads upon the independence of judges who took office after Congress had thus charged them with the common duties of citizenship, by making them bear their aliquot share of the cost of maintaining the Government, is to trivialize the great historic experience on which the framers based the safeguards of Article III, section 1."

The issue then seems to us to narrow to whether when Judge Baker was appointed he was, under the law, already subject to the diminution, if it be such, of an income tax upon his compensation, for, if so, we are unable to distinguish this proceeding from *O'Malley* v. *Woodrough, supra.* Since his appointment took place in 1921, there can be no question that Congress had already attempted to impose the tax by the enactment of the provision categorically requiring the inclusion of his salary in gross income. We can not see why this would not have constituted the same "notice to all judges thereafter to be appointed" as the Court found sufficient in *O'Malley* v. *Woodrough.* It can not successfully be urged that *Evans* v. *Gore* deprived the unqualified statutory imposition of its patent effect by reason of some lurking constitutional infirmity. It is true that that case had then been decided. But its influence upon the circumstances involving Judge Baker must be denied. *Evans* v. *Gore,* as we have already had occasion to note, involved a judge whose appointment antedated the first legislative effort to tax judicial salaries.[4] Judge Baker, on the other hand, like Judge Graham in *Miles* v. *Graham,* took office after the passage of the Revenue Act of 1918 and prior to that of 1921. Although in *Miles* v. *Graham* the Supreme Court applied the principle of *Evans* v. *Gore,* we are no longer in a position to treat that case as authoritative. The Supreme Court in *O'Malley* v. *Woodrough* found the *Graham* case

---

[2] No controversy exists as to the intention of Congress to impose the tax if constitutionally permissible. Cf. *Helvering* v. *Griffiths,* 318 U. S. 371.

[3] That view of the *Woodrough* case corresponds to the one taken in petitioners' brief: "*O'Malley* v. *Woodrough* holds that a statute imposing an income tax on a Federal judicial salary is constitutional as applied to a judge appointed subsequent to its enactment, *Miles* v. *Graham* being overruled so far as inconsistent with this holding."

[4] Petitioners' brief characterizes *Evans* v. *Gore* as "holding the Act of 1918 invalid (as to judges appointed prior to the enactment of a tax act) * * * *"

immunizing Judge Graham's salary incompatible [5] with the result it was declaring in the *Woodrough* case, and thought it necessary to overrule it outright.[6] We think it inescapable that the validity of the 1918 Act as applied to after-appointed judges is thus to be weighed not by *Evans* v. *Gore*, but by *O'Malley* v. *Woodrough*, and hence that Judge Baker was likewise taxable from the time of his appointment.

It is urged that by the sequence of legislative acts Judge Baker's incumbency fell into a sort of statutory vacuum in which no tax liability existed. The 1918 Act was qualifiedly repealed [7] by that of 1921, which, although enacted on November 23, 1921, after Judge Baker's appointment, applied to taxable years beginning January 1 of that year. The short and presumably sufficient answer is that the same contention would have been available with respect to Judge Graham's situation, but, if the Supreme Court had thought well of it, *Miles* v. *Graham* need not have been overruled.

But a more complete refutation is available. It lies in the similar situation which existed in *O'Malley* v. *Woodrough*. There the tax in question was imposed under the 1936 Act, reciting that: "The provisions of this title shall apply only to taxable years beginning after December 31, 1935" (sec. 1), and that: "The taxes imposed by this title * * * shall be in lieu of the taxes imposed by Titles I * * * of the Revenue Act of 1934, as amended." [8] (Sec. 63.)

The year 1936 was subsequent to Judge Woodrough's appointment, but the Court found no difficulty in relating the question back to the 1932 Act, which was in effect at the time he took office, notwithstanding that it was not the act under which the tax in issue was asserted. The opinion states:

> * * * the power of Congress to include Judge Woodrough's salary as a circuit judge in his "gross income" must be judged on the basis of the validity of Section 22 of the Revenue Act of 1932, and not as though that power had been originally asserted by the Revenue Act of 1936. For it was the Act of June 6, 1932 that gave notice to all judges thereafter to be appointed, of the new Congressional policy to include the judicial salaries of such judges in the assessment of income taxes. * * *

---

[5] Petitioners' counsel accepts the identity of the questions involved in the two cases, referring in his brief to "The circumstance that the Court in *O'Malley* v. *Woodrough* so carefully refrains from overruling *Evans* v. *Gore* (although it takes contrary action in *Miles* v. *Graham* which presented the same situation as that before it) * * * "

[6] Petitioners' brief recognizes that *Miles* v. *Graham* "has been overruled by the later case of *O'Malley* v. *Woodrough* * * * but the *Woodrough* case does not affect the holding of *Evans* v. *Gore*."

[7] This was the legislative technique employed to secure statutory continuity. Report, Ways and Means Committee, H. Rept. No. 486, 67th Cong., 1st sess., 1939–1 C. B., Part 2, p. 207. The repealing section provided among other things: "In the case of any tax imposed by any part of the Revenue Act of 1918 repealed by this Act, if there is a tax imposed by this Act in lieu thereof, the provision imposing such tax shall remain in force until the corresponding tax under this Act takes effect under the provisions of this Act." [Sec. 1400(b).]

[8] Title I of the Revenue Act of 1934 similarly imposed taxes "in lieu of the corresponding taxes imposed by the Revenue Act of 1932."

Accordingly it would appear that, if the Court which decided *O'Malley* v. *Woodrough* had been called upon to deal with Judge Baker's taxable status for the year 1921, it would have treated the 1918 Act, in effect at the time of Judge Baker's appointment, as having the same effect that the 1932 Act had upon Judge Woodrough's tax liability.

It seems to us to follow that when in 1921 this petitioner took office there was a valid and constitutional tax on the statute books which "charged" him with the same "common duties of citizenship," as in the case of Judge Woodrough, and that his compensation was thereby already diminished to any necessary extent by the imposition of Federal income taxes. That being so, subsequent income taxes imposed on his salary, including those levied by the Public Salary Tax Act, fall short of being the diminution of his compensation during his continuance in office necessary to invoke the prohibition of the constitutional safeguard. *O'Malley* v. *Woodrough, supra.* We are not satisfied that respondent erred.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

SMITH, *J.*, concurring: *O'Malley* v. *Woodrough*, 307 U. S. 277, was decided upon the principle that a "non-discriminatory tax laid generally on net income is not, when applied to the income of a federal judge, a diminution of his salary within the prohibition of Article III, § 1 of the Constitution." The opinion is consonant with *Helvering* v. *Gerhardt*, 304 U. S. 405, in which it was held that the salaries of the employees of a state are not exempt from income tax. Prior opinions of the Supreme Court in conflict with such principle were swept into the discard. It is immaterial that *Evans* v. *Gore*, 253 U. S. 245, was not named as being overruled. Decision must be for the respondent in this case upon the authority of *O'Malley* v. *Woodrough, supra.*

---

LEECH, dissenting: The Revenue Act of 1932, for the first time, not only required the inclusion of the compensation of Federal judges in gross income for Federal income tax purposes, but also amended the statutory provision fixing that compensation by reducing it by the amount of those taxes. The Supreme Court in *O'Malley* v. *Woodrough*, 307 U. S. 277, decided that such legislation was constitutional as applied to the compensation of Federal judges appointed after the effective date of that act, but indicated, I think, that the compensation of such judges appointed before that date could not be constitutionally so taxed. This conclusion is based primarily on my understanding that the Court did not there overrule *Miles* v. *Graham*, 268 U. S. 501. Accordingly, upon the authority of the *Woodrough* case, I would expunge the deficiencies.