**GUNN v. DALLMAN.**
No. 9503.

United States Court of Appeals
Seventh Circuit.
Nov. 30, 1948.

Werner W. Schroeder and Theodore W. Schroeder, both of Chicago, Ill., Montgomery S. Winning, of Springfield, Ill., and Harry B. Sutter and Frank B. Sanders, both of Chicago, Ill. (Schroeder & Simpson, and Hopkins, Sutter, Halls, DeWolfe & Owen, all of Chicago, Ill., and Griffin, Winning, Linder, Newkirk & Jones, of Springfield, Ill., of counsel), for appellant.

Theron L. Caudle, Asst. Atty. Gen., Sewall Key and Robert N. Anderson, Sp. Assts. to the Atty. Gen., Howard L. Doyle, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield, Ill., and Arthur L. Jacobs, Dept. of Justice, of Washington, D. C., for appellee.

Before KERNER and MINTON, Circuit Judges, and SWYGERT, District Judge.

MINTON, Circuit Judge.

The plaintiff-appellant is a justice of the Supreme Court of Illinois. He paid the federal income taxes imposed on the salary he received from the state as such justice, filed claims for refund, and brought suit against the Collector to recover. The

court sustained a motion to dismisss his complaint, and from the judgment of dismissal he has appealed.

This case presents squarely the question whether the federal government may tax as income the salary of a judge of a state court. Upon the theory of dual sovereignty, the United States Supreme Court in Collector v. Day, 11 Wall. 113, 20 L.Ed. 122, held that the implied immunity of a state from taxation extended to the salaries of its officers. The officer in that case was a state judge. If Collector v. Day were still controlling, the plaintiff would be entitled to recover.

In Helvering v. Gerhardt, 304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427, the Supreme Court held that the immunity did not extend to the salaries of officers and employees of the Port Authority of New York and New Jersey, which was admittedly an instrumentality of those states. The court seemed to make a distinction between employees engaged in an essential activity of government and those who were not. The salaries of the latter were held taxable, the salaries of the others immune. This placed taxability upon the judicial determination of which officers or employees were engaged in essential government activities and which were not. Mr. Justice Black pointed out in his concurring opinion that such a classification process would lead to uncertainty and confusion, and he therefore called for a re-examination of the doctrine of implied immunity evolved from Collector v. Day.

█ After the Gerhardt case, it would seem to have been open to the plaintiff to claim that he was performing an essential function of the state government and that therefore the implied immunity of Collector v. Day still applied to him. But the Supreme Court in Graves v. People of State of New York ex rel. O'Keefe, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466, embraced the first opportunity to re-examine the whole doctrine of implied immunity of federal officers and employees from taxation by the state, and of state officers and employees from taxation by the federal government, although the O'Keefe case involved only the latter.

The principle underlying the entire question was precisely the same, namely, does the implied immunity from taxation of the federal and state governments, the one from the other, extend to their officers and employees? The Supreme Court in the O'Keefe case referred to Collector v. Day and to People of State of New York ex rel. Rogers v. Graves, 299 U.S. 401, 57 S.Ct. 269, 81 L.Ed. 306, and said that these cases "are overruled so far as they recognize an implied constitutional immunity from income taxation of the salaries of officers or employees of the national or a state government or their instrumentalities." 306 U.S. page 486, 59 S.Ct. page 601. This clearly terminated the immunity doctrine of Collector v. Day, and the plaintiff can claim no comfort from the principle of that case.

█ The plaintiff contends that the taxation of his salary as income is a diminution thereof, contrary to Article VI, Section 7 of the Illinois Constitution, Smith-Hurd Stats. The limitation of the State Constitution is upon the state government of Illinois and not upon the federal government. The taxation by the federal government is no violation of the limitation upon the state government not to diminish a judge's salary, even if we concede that taxation is a diminution of salary. Furthermore, the federal government's power to tax cannot be limited by the provisions of a state constitution. State of Florida v. Mellon, 273 U.S. 12, 17, 47 S.Ct. 265, 71 L.Ed. 511.

█ It is next contended by the plaintiff that such taxation destroys the independence of the judiciary. We do not think that it does. The independence of the judiciary is not destroyed by requiring judges to pay income taxes as other people. It might destroy their independence from taxes, but we can think of no good reason why judges should not bear their share of the burden of government represented by taxes. O'Malley v. Woodrough, 307 U.S. 277, 282, 59 S.Ct. 838, 83 L.Ed. 1289, 122 A.L.R. 1379.

The plaintiff next objects that the Public Salary Tax Act of 1939 [1] under which he is

---

[1] 53 Stat. 574, 26 U.S.C.A. § 22.

taxed is discriminatory and therefore unconstitutional. Section 1 of Title I of this Act amended Section 22(a) of the Internal Revenue Code, which defined gross income. As amended, Section 22(a) reads: " 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing) * * *." The words in parentheses constituted the amendment here material.

Title II of the Act, Section 210, 26 U.S. C.A. § 22 note, provides: "For the purposes of this Act, the term 'officer or employee' includes a member of a legislative body and a judge or officer of a court."

It is the plaintiff's contention that the Act is discriminatory since Section 210 did not include any of the executive officers or employees of the state. This statute was intended to include "a member of a legislative body and a judge or officer of a court" but is not limited to these officials alone. The purpose of the Act was to include the gross income of all officers and employees of a state or of any political subdivision thereof. Such has been the application of the Act and its interpretation by Treasury Regulation 111, Sec. 29.22(a)(2), the pertinent portion of which reads as follows: "Compensation received for services rendered as an officer or employee (including a member of a legislative body and a judge or officer of a court) of a State or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing, is to be included in gross income, regardless of the nature of the office or employment."

When the intent of the Act is clear, but interpretation of the language is necessary, regulations of the Treasury may supply that interpretation, and such authorized regulations have the force and effect of law. Douglas v. Commissioner, 322 U.S. 275, 64 S.Ct. 988, 88 L.Ed. 1271; Economy Savings & Loan Co. v. Commissioner of Int. Rev. 6 Cir., 158 F.2d 472.

Considering the Act as a whole, the intent and purpose thereof, the way it has been consistently administered by the Treasury Department and interpreted by its regulations, we think the Act is not discriminatory.

We find no error in the record, and the judgment is affirmed.