WILLIAM J. BEER AND DORA BEER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2988-72, 8187-73, 4479-74.    Filed August 18, 1975.

*Joseph F. Dillon,* for the petitioners.
*James E. Keeton, Jr.,* for the respondent.

### OPINION

WILES, *Judge:* Respondent determined deficiencies in petitioners' income taxes as follows:

| Year | Deficiency |
|---|---|
| 1969_____ | $7,865.02 |
| 1970_____ | 7,185.22 |
| 1971_____ | [1] 3,854.40 |

After concession of one issue by petitioners, the only issue for decision is whether William J. Beer (hereinafter petitioner) is entitled to exclude his Michigan judicial salary from income under the United States or Michigan Constitution.

This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure.

Petitioner and Dora Beer, husband and wife, resided in Berkley, Mich., when their petitions were filed. Their joint Federal income tax returns for 1969, 1970, and 1971 were filed with the District Director of Internal Revenue, Detroit, Mich.

During 1969, 1970, and 1971, petitioner's compensation as a Michigan Circuit Court Judge was as follows:

| Year | State of Michigan | County of Oakland, Mich. | County of St. Clair, Mich. |
|---|---|---|---|
| 1969 _____ | $20,208.25 | $10,000.00 | $120 |
| 1970 _____ | 19,999.92 | 10,000.00 | --- |
| 1971 _____ | 21,999.96 | 30,000.01 | --- |

Federal income tax returns filed by petitioner and Dora Beer for 1969, 1970, and 1971 did not include that compensation in gross income, but respondent determined that it was includable in gross income and assessed deficiencies in the amounts specified earlier.

Petitioner contends that his Michigan Circuit Court Judge salary is immune from Federal taxation under both the United States and Michigan Constitutions. Although we sympathize with his position, it is now well settled that there is no constitutional objection to Federal taxation of the salaries of State officers or employees. *Graves v. New York,* 306 U.S. 466 (1939); *Helvering v. Gerhardt,* 304 U.S. 405 (1938); *Matthew H. Murphy,* 46 B.T.A. 1058, 1062 (1942); *Ira H. Lohman,* 45 B.T.A. 495, 503 (1941), affd. 133 F. 2d 977 (8th Cir. 1943).

The petitioner cites for support article III, section 1 of the United States Constitution, which provides as follows:

---

[1] Because of a computation error in the notice of deficiency for 1971, respondent amended his answer in docket No. 8187-73 to request an increase in deficiency for that year from $3,854.40 to $13,616.81; petitioner stipulated that this adjustment was proper.

Sec. 1. The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office.

Petitioner contends that this provision prohibits diminution of his salary by Federal income taxes. Michigan Circuit Courts, however, are clearly not "inferior Courts as the Congress may * * * establish" within the intendment of article III. Cf. *O'Donoghue v. United States,* 289 U.S. 516 (1933); *Charles F. Parsons,* 42 B.T.A. 1114, 1117 (1940). And even if article III, section 1 were applicable, imposition of Federal income taxes upon a judge of a court created thereunder does not constitute diminution of his salary within the meaning of that provision. *O'Malley v. Woodrough,* 307 U.S. 277 (1939); *William E. Baker,* 4 T.C. 307, 310 (1944), affd. 149 F. 2d 342 (4th Cir. 1945).

Petitioner also contends that Federal taxation of his salary would contravene article VI, section 18 of the Michigan constitution, which provides, in part, as follows:

Salaries * * * of the circuit judges within a circuit * * * shall be uniform, and may be increased but shall not be decreased during a term of office except and only to the extent of a general salary reduction in all other branches of government.

It is well settled that a State constitution cannot limit the Federal Government's power to tax. *Florida v. Mellon,* 273 U.S. 12, 17 (1927). See also *Gunn v. Dallman,* 171 F. 2d 36, 37 (7th Cir. 1948), in which a State judge contended that Federal taxation of his salary was—

a diminution thereof, contrary to Article VI, Section 7 of the Illinois Constitution, Smith-Hurd Stats. The limitation of the State Constitution is upon the state government of Illinois and not upon the federal government. The taxation by the federal government is no violation of the limitation upon the state government not to diminish a judge's salary, even if we concede that taxation is a diminution of salary. * * *

And as indicated above, *O'Malley v. Woodrough, supra,* rejected the contention that imposition of income tax on judicial compensation was a diminution thereof; we see no reason to adopt a different interpretation of the Michigan constitution. Finally, even assuming arguendo that Federal income taxes do constitute a reduction of judicial compensation and that the

Michigan constitution applies to Federal as well as State action, the reduction is a general salary reduction for all Michigan employees, which the Michigan constitution expressly allows.

Petitioner also argues that contravention of the Michigan constitution is prohibited by article IV, section 4 of the United States Constitution, which provides, in part, that "The United States shall guarantee to every State in this Union a Republican Form of Government."

In *Collector v. Day,* 78 U.S. (11 Wall.) 113 (1871), the Supreme Court noted that the Constitution guarantees to the States a republican form of government and reasoned that the "means and instrumentalities" employed for carrying on their governmental operations should not be impaired by the taxing power of the Federal Government. The Court accordingly held that imposition of Federal income taxes upon a State judge's salary was unconstitutional. *Collector v. Day* was explicitly overruled, however, in *Graves v. New York,* 306 U.S. 466, 486 (1939), insofar as it recognized "an implied constitutional immunity from income taxation of the salaries of officers or employees of the national or a state government or their instrumentalities." Petitioner's argument under article IV, section 4 must therefore fall in view of the overruling of *Collector v. Day.* Of course, *Florida v. Mellon, supra,* requires the same result, though the point is not specifically mentioned by the Court.

Petitioner cites *Collector v. Day, Indian Motorcycle Co. v. United States,* 283 U.S. 570 (1931), and *Commissioner v. Stilwell,* 101 F. 2d 588 (7th Cir. 1939), cert. dismissed 307 U.S. 648 (1939), for the proposition that the Federal Government lacks authority to tax instrumentalities, means, and operations whereby individual States exert governmental powers. *Indian Motorcycle Co.* and *Stilwell* relied on *Collector v. Day* in holding that a sale of motorcycles to a Massachusetts police department and the salary of an Illinois court official were not subject to Federal excise and income taxation, respectively. These cases are without vitality on this point because of the reversal of *Collector v. Day* subsequent to the decisions therein. Cf. *Irvine v. Spaeth,* 210 Minn. 489, 299 N.W. 204 (1941), appeal dismissed 314 U.S. 575 (1941).

Petitioner also cites *Evans v. Gore,* 253 U.S. 245 (1920), which held that Federal taxation of the salary of a United States District Judge did constitute a diminution of his compensation

within the meaning of article III, section 1 of the United States Constitution. *Evans v. Gore* was overruled by *O'Malley v. Woodrough, supra. Oklahoma Tax Commission v. United States,* 319 U.S. 598, 610 (1943). *Evans v. Gore* accordingly also lacks vitality as a precedent herein.

The same is true of two other cases cited by petitioner which relied on *Evans v. Gore, O'Donoghue v. United States,* 289 U.S. 516 (1933), and *Gordy v. Dennis,* 176 Md. 106, 5 A. 2d 69 (1939). Both were decided before *O'Malley v. Woodrough,* and both are distinguishable on their facts.

Petitioner emphasizes that "a power over a man's subsistence amounts to a power over his will," Hamilton, The Federalist (No. 79), and that judicial independence is essential to our system of government. We agree; however, as the Supreme Court noted in *O'Malley v. Woodrough,* 307 U.S. at 282:

To suggest that it makes inroads upon the independence of judges * * * by making them bear their aliquot share of the cost of maintaining the Government, is to trivialize the great historic experience on which the framers based the safeguards of Article III, §1. To subject them to a general tax is merely to recognize that judges are also citizens, and that their particular function in government does not generate an immunity from sharing with their fellow citizens the material burden of the government whose Constitution and laws they are charged with administering. [Fn. ref. omitted.]

We have considered petitioner's other contentions, and we find them to be unconvincing.

We hold that petitioner may not exclude compensation received as a Michigan Circuit Court Judge from gross income under the United States or Michigan Constitutions.

*Decisions will be entered for the respondent.*

