WILLIAM J. BEER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beer v. Commissioner
Docket No. 19469-80.
United States Tax Court
T.C. Memo 1982-735; 1982 Tax Ct. Memo LEXIS 6; 45 T.C.M. (CCH) 401; T.C.M. (RIA) 82735; December 27, 1982. Robert W. Gagniuk, for the petitioner. Kevin W. Cobb, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: This matter is before the Court on respondent's motion for summary judgment, filed pursuant to the provisions of Rule 121 of the Tax Court's Rules of Practice and Procedure.[1] This motion was noticed for argument at a trial session of the Court at Detroit, Michigan. Respondent determined deficiencies in income tax against petitioner on July 25, 1980 for the following calendar years and in the following amounts: YEAR ENDING DECEMBER 31
DEFICIENCY
1972
$8,385.54
1973
9,007.58
1974
6,728.69
1975
6,500.71
Said determinations od deficiency were based upon respondent's determination that the salary received by petitioner in the years in issue for his services as a Michigan state court judge were taxable income to him under *9 the Internal Revenue Code. At the time of his timely petition herein, petitioner was a resident of Berkley, Michigan. In his petition, petitioner asserts error as to respondent's determinations on the following grounds: 1. Petitioner asserts that respondent's determination is not timely, but is barred by the two-year statute of limitations provided in section 6532(b), asserting that (a) respondent's attempt to recover an erroneous refund may only be done through the institution of suit by respondent against petitioner under the provisions of section 7405, and within two years of such refund, under section 6532(b), and (b) the several successive extensions of the statute of limitations granted by petitioner to respondent were void for lack of consideration; 2. petitioner asserts that respondent erred in attempting to impose the Federal income tax on his salary as a Michigan state court judge, petitioner claiming that such salary is constitutionally immune from tax; 3. petitioner asserts that respondent is estopped from attempting to recover amounts of income tax previously withheld from petitioner's salary in said years but subsequently refunded by respondent to petitioner. *10 Respondent's answer, in addition to denying that he had erred as alleged by petitioner, affirmatively alleged a claim for damages against petitioner for instituting proceedings before this Court merely for delay, under the provisions of section 6673. Respondent then timely moved for summary judgment in his favor upon all the issues above presented. Respondent, as the party moving for summary judgment in this case, has the burden of demonstrating that no genuine issue as to any material fact exists, and that he is entitled to judgment as a matter of law. Adickes v. S.H. Kress & Co.,398 U.S. 144, 157 (1970); Gulfstream Land and Development v. Commissioner,71 T.C. 587, 596 (1979). The facts relied upon by respondent must be viewed in the light most favorable to petitioner so that any doubt as to the existence of a genuine issue of material fact will be resolved in favor of denying the motion. Adickes v. S.H. Kress & Co.,supra;United States v. Diebold, Inc.,369 U.S. 654, 655 (1962). Nevertheless, the motion must be granted if the Court is satisfied that no real factual controversy is present, so that the *11 remedy can serve "its salutary purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material fact issue to be tried." Lyons v. Board of Education of Charleston,523 F.2d 340, 347 (8th Cir. 1975). Finally, petitioner, as the party opposing summary judgment, may not simply rest upon the mere allegations or denials of his pleading; his response, by affidavit or otherwise, must set forth some specific facts showing that there is a genuine issue for trial. Rule 121(d). Applying these rules, and considering the facts which are established herein by the pleadings, the uncontroverted affidavits and exhibits attached to the motion for summary judgment and response, and the statements and concessions made by the parties at argument on the motion for summary judgment, we conclude that there is no genuine issue of any material fact as to the first three issues presented above, and they may be resolved as a matter of law. [2] The fourth issue raised by respondent, concerning the assessment of damages under section 6673, will be further discussed hereinafter. *12 The material and operative facts thus established in this record are as follows: The petitioner, for the years here in issue and for an undetermined number of years prior thereto, was a judge of the Circuit Court in the Michigan state court system. His compensation as a judge was paid to him in part by the State of Michigan and in part by the County of Oakland, Michigan, and in the years in question he was paid the following salaries: YEAR
COMPENSATION
1972
$38,200.00
1973
39,700.05
1974
41,674.58
1975
41,958.98
These amounts were disclosed in schedules attached to petitioner's income tax returns for the respective years, in which petitioner notified the Internal Revenue Service that his judicial salary was excludible from his taxable income for Federal income tax purposes under the provisions of the United States Constitution. Petitioner accordingly showed zero net taxable income on his returns for each year and, since both the State of Michigan and the County of Oakland had withheld Federal income tax from his salary, showed such tax withholdings as overpayments of income tax, and filed his returns on that basis, electing in each year to have the *13 alleged overpayment of tax refunded to him. On the basis of these returns, and without further action by petitioner, the Internal Revenue Service refunded to petitioner the amounts withheld, in the respective amounts of $6,722.16, $7,197.29, $6,310.00 and $5,706.00. At the time of filing his 1972, 1973 and 1974 returns, petitioner had a case pending before this Court involving the taxability of his state court judge's salary for the years 1969, 1970 and 1971. Said issue was resolved against him in Beer v. Commissioner,64 T.C. 879 (Opinion filed August 18, 1975), but at the time of filing his return for 1975 an appeal to the United States Court of Appeals for the Sixth Circuit was still pending. Petitioner's appeal was dismissed by the Sixth Circuit by unpublished opinion dated November 22, 1976, 77-2 USTC par. 9491, certiorari was denied by the Supreme Court in 1977, 431 U.S. 938, and petitioner's petition for rehearing was denied, 434 U.S. 1052 (1978). The petition in the instant case was filed herein on October 20, 1980, after the decision in the earlier case had become final. Prior to the issuance of his statutory *14 notice of deficiency in the instant case, respondent had secured successive extensions of the statute of limitations from petitioner, extending the time within which respondent could issue his statutory notice of deficiency, the latest extension running until December 30, 1980. Respondent's statutory notice was issued prior to the expiration of that time. Addressing the issues raised by petitioner in the order stated above: 1. Petitioner argues that respondent's sole remedy to recover the refunds of withheld income tax made to petitioner is by the institution of suit against him under the provisions of section 7405(b), [3] but petitioner is mistaken. Where income taxes are involved, as here, and where the tax in dispute between the parties is within the definition of a "deficiency," as provided in section 6211, as it is here, respondent is authorized to employ the procedures authorized by sections 6211 through 6214, and issue a statutory notice of deficiency to the taxpayer within the limitations period provided by section 6501, or any extension thereof to which the parties have agreed, section 6501(c)(4). Respondent in this case thus had the option of proceeding by suit under *15 section 7405(b), or following the notice of deficiency procedures prescribed by sections 6211 through 6214 with respect to the amounts which he had refunded; [4] he chose the latter route, including the refunds made in the larger amount of deficiency determined for each year, and he was entitled to do so. Warner v. Commissioner,526 F.2d 1 (9th Cir. 1975); Krieger v. Commissioner,64 T.C. 214 (1975); see Pesch v. Commissioner,78 T.C. 100, 117 (1982). We find no error in the procedure employed here by respondent. [5]
*16 Petitioner further complains that the waivers concededly given by him to respondent, extending the period of limitations within which respondent could issue his statutory notice of deficiency, were invalid, claiming that the granting of such extensions of time by him were void because they were not supported by consideration. Petitioner's argument is without merit. There is no requirement that extensions of the statute of limitations of the type involved in this case be supported by any consideration, Stern Brothers & Co. v. Burnet,51 F.2d 1042 (8th Cir. 1931); Loewer Realty Co. v. Anderson,31 F.2d 268 (2d Cir. 1929); in any case, such consideration exists in the instant case through the forbearance of the respondent in delaying the issuance of his statutory notice of deficiency in reliance upon the extensions of time granted by petitioner. Hotel Wisconsin Realty Co. v. Commissioner,16 B.T.A. 334 (1929), affd. 47 F.2d 842 (7th Cir. 1931); Martin v. Commissioner,T.C. Memo. 1963-26. 2. With respect to the taxability of petitioner's salary as a Michigan state judge, the situation is exactly the *17 same as it was in petitioner's prior case before this Court. Beer v. Commissioner,supra.It has been clear for many years that there is no constitutional prohibition to imposing the Federal income tax on salaries of state or Federal officials, Graves v. New York,306 U.S. 466 (1939); O'Malley v. Woodrough,307 U.S. 277 (1939). Such salaries, being clearly included within the provisions of section 61, are taxable. 3. Petitioner next contends, without citation of relevant authority, that respondent is somehow estopped from determining the instant deficiencies against petitioner because, says petitioner, respondent refunded the taxes withheld from petitioner's salary for the years here in issue with the full knowledge of all the facts involved, and without any fraud or misrepresentation on the part of petitioner. It may be conceded that there was no concealment, misrepresentation or any other action by petitioner herein which misled respondent. Petitioner's position, and the necessary facts in relation thereto, were fully disclosed, and respondent refunded the income taxes withheld from petitioner's salary on the basis of *18 petitioner's returns. It is clear from our holding on the preceding point that respondent's action in refunding the withheld taxes was erroneous; such error, however, was based upon respondent's mistake as to the law, not as to any operative fact. [6] Petitioner does not have any vested rights in respondent's mistaken interpretation of the law, Automobile Club of Michigan v. Commissioner,353 U.S. 180 (1957), and, where respondent has made an erroneous refund of tax through a mistaken interpretation of the law, respondent is not estopped from correcting such mistake by following allowable deficiency procedures, as here. Warner v. Commissioner,supra.[7]
*19 It is clear, therefore, that respondent is entitled to prevail as a matter of law on the three issues raised by petitioner. This leaves for consideration respondent's claim that damages in the amount of $500 should be awarded to him herein under the provisions of section 6673. That section provides: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. So far as the substantive issue in this case is involved, viz., the taxability of petitioner's salary as a state court judge, petitioner's prior case in this Court was fully dispositive of the question, and petitioner knew this before he instituted the present case. He had pursued this matter all the way to the Supreme Court, and his position was rejected, on the basis of ample authority. If this were the only issue before us in the present case, and bearing in mind that *20 petitioner is not only a lawyer but a long-time judge, and therefore should know the unsoundness of his legal position, we might be inclined, as we have done in other cases, to find that the instant case was instituted merely for purposes of delay, and that an award of damages under section 6673 was warranted. Compare Sydnes v. Commissioner,74 T.C. 864 (1980), affd. 647 F.2d 813 (8th Cir. 1981); Graves v. Commissioner, an unreported case (6th Cir. 1982, 82-1 USTC par. 9223), affirming a Memorandum Opinion of this Court; Hatfield v. Commissioner,68 T.C. 895 (1977). In the instant case, however, issues were raised by petitioner which were apparently not in his prior case: procedural issues regarding the correctness of the notice of deficiency procedure, the statute of limitations question and the estoppel question. Although petitioner was clearly wrong as to these points, and although we have some doubts as to his sincerity in raising them herein, we forbear in this case to impose damages against him under section 6673, bearing in mind that these were issues not passed upon in the earlier case, and also bearing in *21 mind that on motion for summary judgment, as here, all doubts as to the existence of a genuine issue should be resolved in favor of the party opposing the motion. Heyman v. Commerce and Industry Ins. Co.,524 F.2d 1317, 1320 (2d Cir. 1975). Accordingly, although we refrain in this case from assessing damages against petitioner, we point out to him that if in the future he brings or maintains a similar action involving the constitutional taxability of his salary, an issue as to which there can no longer be any reasonable debate, the Court may well be inclined to impose such damages or even greater damages up to $5,000, as now authorized by section 6673 for suits commenced in this Court after December 31, 1982. Section 292(b), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 574.
An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all rule references herein are to the Tax Court Rules of Practice and Procedure, and all statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue.↩
2. Respondent has alleged, and petitioner at argument has agreed, that there are no material and operative facts which are in dispute.↩
3. Section 7405(b) provides as follows: (b) Refunds Otherwise Erroneous.↩ - Any portion of a tax imposed by this title which has been erroneously refunded (if such refund would not be considered as erroneous under section 6514) may be recovered by civil action brought in the name of the United States. 4. The options which respondent had, however, were not coextensive. He could have brought suit under section 7405(b) only for the amounts actually refunded, which for each year were less than the amount of tax which respondent determined to be owing.↩
5. On brief, petitioner has suggested that respondent's joint statutory notice, addressed to himself and Dora Beer, although concededly sent to and received by petitioner, was never received by Dora Beer, so that the prescribed notification procedures of sections 6211-6214 were not followed. Such alleged fact is unexplained and unsupported in this record, but in any case we do not need to consider it, since (a) any insufficiency of the statutory notice as to Dora Beer is not before us, she not having appealed therefrom to this Court, and (b) petitioner's liability with respect to his joint returns is both joint and several, section 6013(d)(3).↩
6. The refunds were made during the same period that respondent was (successfully) urging petitioner's liability for tax on his judicial salary for 1969-1971. In today's labyrinthine government, it appears that sometimes the right hand does not know what the left hand does. A partial explanation of this case may be that under our "pay-as-you-go" system, refunds of alleged excess withholdings from wages, without prior audit, are a matter of grace to the taxpayer, made in consequence of an amount due as shown on his return, and are subject to final audit and adjustment, and hence are not final determinations so as to preclude subsequent adjustments. Clark v. Commissioner,158 F.2d 851 (6th Cir. 1946), affirming a Memorandum Opinion of this Court; Owens v. Commissioner,50 T.C. 577↩ (1968). 7. There clearly can be no argument by petitioner that he relied on respondent's mistaken refund to his detriment. Petitioner initiated this whole imbroglio by the returns which he filed; if anyone benefitted, he did. Cf. Estate of Ashenhurst c. Commissioner,T.C. Memo. 1982-102↩.